Jerome E. **MOELLER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23739.

United States Court of Appeals
Fifth Circuit.

May 2, 1967.

Robert L. Parks, Miami, Fla., for appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before JONES, GEWIN and SIMPSON, Circuit Judges.

JONES, Circuit Judge:

The appellant was charged by four counts of a seven count indictment with violations of 18 U.S.C.A. § 1010 [1] and by the other three counts with violations of 18 U.S.C.A. § 656.[2]   The three counts

1. Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Administration, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Administration, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined not more than $5,000 or imprisoned not more than two years, or both.   18 U.S.C.A. § 1010.

2. Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank, or a receiver of a national bank, or any agent or employee of the receiver, or a Federal Reserve Agent, or an agent or employee of a Federal Reserve Agent or of the Board of Governors of the Fed-

charging violations of 18 U.S.C.A. § 656 were dismissed. A motion was made by the appellant to consolidate counts one and two and counts three and four under Rule 13 Fed.Rules Crim.Proc.[3] By Count One the appellant was charged with making a false statement, in an application for an F.H.A. insured loan, with respect to the use to which the proceeds of the loan would be put. Count Two charged the making of a false statement in the same loan application as in Count One by the failure to list certain debts of the appellant. By Count Three the appellant was charged with making a false statement, in a different application for an F.H.A. insured loan, with respect to the use to which the proceeds of the loan would be put. Count Four charged the making of a false statement in the same loan application as in Count Three by the failure to list certain debts of the appellant. The motion to consolidate was denied.

The cause was tried before a jury. There was a verdict of acquittal on Counts One and Three. There was a verdict of guilty as to Counts Two and Four. A sentence of four months was imposed under the conviction on Count Two and the appellant was placed on probation on the Count Four conviction. On appeal two grounds of error are specified; that the motion to consolidate should have been granted, and that the evidence was insufficient to take the case to the jury.

The appellant's theory, in complaining of the refusal of the district court to consolidate counts of the indictment is that Counts One and Two charged the making of false statements in a single application and hence, he says, there was only one offense charged. A like assertion is made as to Counts Three and Four. The answer to the argument is that the offense defined by the statute with which he was charged is the making of false statements. The statements were different and, although the offenses charged are related, either Count One or Count Two could be proved without proving the other, and the same is true of Counts Three and Four. Separate steps of a single transaction may be defined as separate offenses and furnish a basis for separate charges. United States v. Noble, 3rd Cir. 1946, 155 F.2d 315.

The consolidation of indictments, or of counts in an indictment, is generally within the discretion of the trial court and its action will not be reversed in an absence of an abuse of that discretion. Davis v. United States, 5th Cir. 1945, 148 F.2d 203, cert. den. 325 U.S. 888, 65 S.Ct. 1570, 89 L.Ed. 2001. See also United States v. Harris, 7th Cir. 1954, 211 F.2d 656, cert. den. 348 U.S. 822, 75 S.Ct. 34, 99 L.Ed. 648. There was no abuse of discretion. Had there been error, it would have been harmless in view of the acquittal of the appellant of the charges in Counts One and Three.

eral Reserve System, embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the amount embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

As used in this section, the term "national bank" is synonymous with "national banking association"; "member bank" means and includes any national bank, state bank, or bank and trust company which has become a member of one of the Federal Reserve banks; and "insured bank" includes any bank, banking association, trust company, savings bank, or other banking institution, the deposits of which are insured by the Federal Deposit Insurance Corporation. 18 U.S.C.A. § 656.

3. The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information. Rule 13, Fed.Rules Crim.Proc.

Gornick v. United States, 10th Cir. 1963, 320 F.2d 325. There was no error in the refusal by the district court to consolidate the counts of the indictment.

■ There is no need to recite the evidence upon which the jury returned its verdict of guilty upon Counts Two and Four. It was such as to fully justify the finding of the jury.

The judgment of the district court is

Affirmed.