**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rick DE LA TORRE,**
**Defendant–Appellant.**

**No. 79–5398.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 19, 1981.

Rehearing and Rehearing En Banc
Denied Feb. 23, 1981.

Joseph S. Chagra, El Paso, Tex., for defendant–appellant.

Leroy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff–appellee.

Before GOLDBERG, POLITZ and SAM D. JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Rick De La Torre appeals his conviction of two counts of false declaration before a court, 18 U.S.C. § 1623, for which he was sentenced to concurrent four–year terms. We find no merit in the contentions of error in the indictment and trial and affirm.

This episode in De La Torre's experiences with the criminal justice system begins with a conviction for conspiring to import and possess marijuana with intent to distribute, a conviction reversed for reasons unrelated to this case, *United States v. De La Torre*, 605 F.2d 154 (5th Cir. 1979). On remand he was again convicted; that conviction is now pending appeal.

The present false declaration indictment arises out of De La Torre's testimony at the first conspiracy trial. His responses to six questions, forming the basis for the indictment, appeared in the five counts as follows:

FIRST COUNT:

Q. Was there any talk at that time about marihuana?

A. No, sir.

SECOND COUNT:

Q. All right. Did you mention to Mr. Moren during that meeting that you

were hoping that everything would go well on this particular drug transaction, because you needed to make up two other losses you had had?

A. I did not.

THIRD COUNT:

Q. Did you at that time or at any other time represent yourself as the financial investor?

A. No, sir. When Mr. Renteria introduced me, he introduced me as his banker, to these two people, and that's the extent of that.

FOURTH COUNT:

Q. And you are, of course, denying that you were discussing with Mr. Gross utilizing a small aircraft and having several loads rather than the proposition of Renteria and Halliday just getting a larger aircraft and having one big load?

A. That is completely fictitious.

FIFTH COUNT:

Q. Of course, then according to your testimony, there is no truth to the story that you were explaining to them how to transpose figures for codes of the telephones?

A. That's right, sir.

Q. So, all of that is something of which you are just totally unaware?

A. Yes, sir.

The trial court consolidated counts one and two. De La Torre was found guilty on counts two and five and acquitted on counts three and four.

### Separate Counts

Each of the challenged answers relate to De La Torre's involvement in the same episode or transaction, the conspiracy to import and possess marijuana. De La Torre moved for consolidation of the five counts or, in the alternative, that the government be required to elect which one of the counts it would try. The trial judge ordered consolidation of counts one and two, but denied the motion as to the other counts. De La Torre argues that the resulting four count indictment is multiplici-

tous because all of the declarations pertain to one matter, the conspiracies involving the marijuana. Multiplicity is the charging of a single offense in more than one count. *United States v. Free*, 574 F.2d 1221 (5th Cir. 1978).

We find no case in this circuit in which a multiple count indictment for false statements in trial testimony has been directly challenged as multiplicitous. There is sufficiently similar precedent, however, to guide our way. *Moeller v. United States*, 378 F.2d 14 (5th Cir. 1967), involved a multiple count indictment charging false statements in an application for a housing loan, contrary to 18 U.S.C. § 1010. The trial court refused to consolidate the counts. We affirmed, stating:

> The appellant's theory, in complaining of the refusal of the district court to consolidate counts of the indictment is that Counts One and Two charged the making of false statements in a single application and hence, he says, there was only one offense charged. A like assertion is made as to Counts Three and Four. The answer to the argument is that the offense defined by the statute with which he was charged is the making of false statements. The statements were different and, although the offenses charged are related, either Count One or Count Two could be proved without proving the other, and the same is true of Counts Three and Four. Separate steps of a single transaction may be defined as separate offenses and furnish a basis for separate charges. *United States v. Noble*, 3rd Cir. 1946, 155 F.2d 315.

378 F.2d at 15.

In *Richards v. United States*, 408 F.2d 884 (5th Cir.), *cert. denied*, 395 U.S. 986, 89 S.Ct. 2148, 23 L.Ed.2d 775 (1969), we held that false statements made to a grand jury which were separate, distinct and unrelated could be charged in multiple counts with separate sentences imposed. This holding is not inconsistent with *United States v. Edmondson*, 410 F.2d 670 (5th Cir.), *cert. denied*, 396 U.S. 966, 90 S.Ct. 444, 24 L.Ed.2d

430 (1969), in which we upheld an indictment joining together several perjurious statements in one count, with proof of the falsity of one being sufficient for conviction. *Edmondson* permits but does not require that all of the allegedly false declarations be joined in one count.

We are bolstered in our conclusion by decisions of our colleagues in the Second and Eighth Circuits. In *United States v. Doulin*, 538 F.2d 466 (2d Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976), an indictment containing multiple § 1623 counts for false statements to a grand jury was upheld on a finding that "each query posed to appellant sought information and that proof of each falsehood necessitated the establishment of different facts." *Id.* at 471. Citing *Doulin*, the court in *United States v. Williams*, 552 F.2d 226 (8th Cir. 1977), upheld two counts of false declarations to a grand jury on a finding that different facts were needed to demonstrate the falsity of the two challenged responses.

■ We note that both the *Doulin* and *Williams* courts cited *Gebhard v. United States*, 422 F.2d 281, (9th Cir. 1970), in which the court declared that it is not proper for "the government [to] bludgeon a witness who is lying by repeating and rephrasing the same question, thus creating more possible perjury counts" (at 289); and that "[s]ingle punishment for a single lie should suffice" (at 290). We endorse the cautionary language in *Gebhard* and trust that prosecutors will not construe this decision as a license to go forth and adroitly fashion multiple-count perjury or .false statement indictments for the sake of a numbers count or prosecutorial advantage.

Separate and distinct false declarations in trial testimony, which require different factual proof of falsity, may properly be charged in separate counts, albeit they are all related and arise out of the same transaction or subject matter.

■ The four counts remaining after the trial judge's consolidation of counts one and two relate to separate and discrete aspects of the criminal activity charged. Different evidence was required to establish that the various responses were false. The indictment is technically sound and is not multiplicitous.

### Evidence

■ The trial judge allowed the government to present evidence of weapons seized from three of De La Torre's co-defendants in the conspiracy trial. Evidence offered at both the conspiracy and perjury trials established that the weapons (machine guns, revolvers and ammunition) were to be partial payment in the "drugs for guns" scheme. Rather than bringing the physical evidence into the courtroom, the parties stipulated that the weapons were in the co-defendants' possession, were fully operational, and were the guns involved in the marijuana conspiracy. The stipulation was read to the jury. De La Torre agreed to the wording of the stipulation but preserved his objection to the introduction of the evidence. He maintains that the evidence was irrelevant to the charges and that the prejudicial effect of such evidence outweighed any probative value. Fed.R. Evid. 401, 403. A trial judge's ruling on an evidentiary matter of this sort will not be disturbed on appeal absent an abuse of discretion. *United States v. Blevinal*, 607 F.2d 1124 (5th Cir. 1979).

■ The elements of the crime of false declarations under 18 U.S.C. § 1623(a) are not hidden or oblique. The declaration "must be false, material and made with knowledge of its falsity." *United States v. Dudley*, 581 F.2d 1193, 1196 (5th Cir. 1978). Evidence of the weapons was admissible as corroborative proof of the existence of the underlying conspiracy. The record shows that the guns were part and parcel of the drug scheme; they were not merely guns the co-defendants happened to be carrying at the time of their arrest. The evidence was relevant to the inquiry into the existence of the conspiracy and De La Torre's involvement therein, and whether he lied about his part in the operation with knowledge of the falsity of his declarations.

■ We find no encroachment on Fed.R. Evid. 401. The weapons were not brought

into the courtroom; a brief stipulation was read to the jury. The low–keyed nature of the presentation convinces us that any danger of unfair prejudice inherent in the stipulation about the weapons was outweighed by its probative value. The trial judge did not abuse his discretion in permitting introduction of this evidence.

### Inconsistent Verdicts

De La Torre contends that his acquittal on the second count and conviction on the third count were inconsistent verdicts requiring a reversal of his conviction. It is not necessary that we decide whether the verdicts were inconsistent for consistency is not required. In a multi–count indictment, each count is considered separately and a guilty verdict on any count may stand if supported by the evidence, without regard to the verdict on the other counts. *United States v. Varkonyi*, 611 F.2d 84 (5th Cir. 1980). The evidence sufficiently supports the guilty verdicts on counts two and five.

We find no merit in the other assignments of error, including the claim of prosecutorial misconduct in closing arguments, selective prosecution and introduction of improper evidence. Accordingly, the conviction is AFFIRMED.