**In re Contempt Proceedings, Jefferson Bruer BOYDEN, Appellant.**

**No. 82–3147**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1982.
Rehearing Denied May 28, 1982.

Robert Augustus Harper, Jr., Tallahassee, Fla., for appellant.

Patrick J. Fanning, Asst. U. S. Atty., New Orleans, La., for appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

Appellant Jefferson Boyden appeals from a judgment imposing sentence for criminal contempt. The sole issue raised on appeal is whether the trial judge erred by summarily convicting Boyden of criminal contempt pursuant to Fed.R.Crim.P. 42(a).[1] We affirm.

Appellant was first mate aboard the freighter NOORDERKROON which transported approximately 150,000 pounds of marihuana from Colombia into the United States. When a grand jury investigating

---

1. That rule provides that "[a] criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the Court."

the smuggling operation subpoenaed Boyden, he refused to testify despite being granted immunity. Thereafter, appellant was held in civil contempt and incarcerated until the expiration of the grand jury. After his release, Boyden was brought before a second grand jury and once more was held in civil contempt for his failure to testify; he currently remains in custody.

Notwithstanding Boyden's refusal to cooperate in the grand jury proceedings, three separate cases have gone to trial. One jury trial involved the perjury of a fellow crew member while the others concerned the voyage itself and the distribution of the marihuana once it reached the United States. By way of writ of *habeas corpus ad testificandum*, Boyden was called to testify after again being offered immunity. True to form, appellant consistently refused to testify. In each of these cases, however, Boyden was summarily held in criminal contempt. It is the imposition of the last sentence that is currently on appeal.

■ There is no doubt that a witness' refusal to answer questions which the court orders him to answer is contumacious conduct and that during a trial such a refusal may subject the witness to summary punishment for criminal contempt under Fed.R. Crim.P. 42(a). *United States v. Wilson*, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975); *Yates v. United States*, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957); *United States v. Brannon*, 546 F.2d 1242 (5th Cir. 1977). Appellant claims, however, that his due process rights were violated because the government was aware of his reluctance to testify and sought only to punish him with successive penalties. *Gebhard v. United States*, 422 F.2d 281, 289–90 (9th Cir. 1970), and its progeny are cited as precedent.[2] Those cases, however, are inapposite. In *Gebhard*, the government repeatedly asked defendant a single question, or a rephrased version, during a grand jury

investigation so as to amass thirty-two counts of perjury. Nothing of that magnitude exists in this case. In each case that Boyden was called to testify, the government had to prove a separate offense. His testimony would overlap only because of the cases' common origin. There is no indication that appellant was called for the sole purpose of being bludgeoned with contempt penalties; the government had a legitimate need for his testimony. The trial court was therefore within its discretion in implementing Rule 42(a) as a means of dealing with his recalcitrance.

■ In the event his first line of attack should fail, appellant alternatively argues that it was error to impose summary criminal contempt when refusal to testify was also cognizable as civil contempt. That issue, however, was clearly resolved in *United States v. Wilson*, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975). In affirming the trial court's imposition of a summary contempt citation under similar circumstances, the Supreme Court emphasized the purpose of Rule 42(a):

> In an ongoing trial, with the judge, jurors, counsel, and witnesses all waiting, Rule 42(a) provides an appropriate remedial tool to discourage witnesses from contumacious refusals to comply with lawful orders essential to prevent a breakdown of the proceedings. Where time is not of the essence, however, the provisions of Rule 42(b) may be more appropriate to deal with contemptuous conduct. We adhere to the principle that only " '[t]he least possible power adequate to the end proposed' " should be used in contempt cases. *Anderson v. Dunn*, [19 U.S. 204, 231], 6 Wheat. 204, 231 [5 L.Ed. 242] (1821). See *Taylor v. Hayes*, 418 U.S. 488, 498 [94 S.Ct. 2697, 2703, 41 L.Ed.2d 897] (1974). As with all power, the authority under Rule 42(a) to punish summarily can be abused; the courts of

**2.** The analysis in *Gebhard* was recently endorsed by this Circuit in *United States v. De La*

*Torre*, 634 F.2d 792, 795 (5th Cir. 1981).

appeals, however, can deal with abuses of discretion without restricting the Rule in contradiction of its express terms, and without unduly limiting the power of the trial judge to act swiftly and firmly to prevent contumacious conduct from disrupting the orderly progress of a criminal trial.

*Id.* at 319, 95 S.Ct. at 1808.

Accordingly, the result below is AFFIRMED.