908 F.2d 275
 17 Fed.R.Serv.3d 703
 Danny BayLis HUSTON, Appellant,
v.
Cranston J. MITCHELL, Chairman Missouri Dept. of Probation
and Parole; Jeanne Schneider, Mo. Sop.
Psychologist; Members of Parole Board, Appellees.
 No. 89-1719EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 16, 1990.
Decided July 6, 1990.
Rehearing and Rehearing En Banc Denied Aug. 14, 1990.
 
 Kurt S. Odenwald, St. Louis, Mo., for appellant.
 Paul M. Rauschenbach, Jefferson City, Mo., for appellees.
 Before McMILLIAN and FAGG, Circuit Judges, and STROM,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Danny BayLis Huston, a Missouri inmate, brings this 42 U.S.C. Sec. 1983 action. Huston asks us to overturn the district court's rulings in two cases: Huston v. Johnmeyer, No. N86-0039-C (E.D.Mo. Jan. 20, 1989), and Huston v. Mitchell, No. N88-0040-C (E.D.Mo. Apr. 13, 1989). We dismiss Johnmeyer for lack of jurisdiction and affirm the district court's dismissal of Mitchell.
 
 
 2
 We include a short description of the two district court cases to explain our decision. Huston originally brought suit against the prison's parole board, his parole officer, and the supervisors at the prison's sexual offenders program in Huston v. Johnmeyer. Huston claimed the prison staff refused to allow him to participate in the sexual offenders program and unlawfully denied him parole. The district court appointed counsel for Huston, and the parties settled the dispute. The terms of the settlement agreement permitted Huston to enroll in the sexual offenders program and provided him an early parole review when he completed the program.
 
 
 3
 Huston later failed the sexual offenders program. He sought relief from the district court claiming the prison staff breached the settlement agreement by refusing him "meaningful access" to the sexual offenders program and continuing to deny him parole. At an evidentiary hearing, a prison psychologist testified about Huston's inadequate performance in the sexual offenders program, and the district court decided there was no breach of the settlement agreement because the court "[could not] find ... that [Huston] successfully completed the [sexual offenders] program." Huston did not file a notice of appeal in Johnmeyer.
 
 
 4
 While the Johnmeyer suit was pending, Huston filed a second suit pro se in Huston v. Mitchell claiming he was denied parole review on three additional presumptive parole dates. The district court consolidated Mitchell and Johnmeyer, see Fed.R.Civ.P. 42(a), but Huston's attorney did not receive a copy of the consolidation order. After Johnmeyer was decided, the district court dismissed Mitchell as moot. Huston filed a timely notice of appeal in Mitchell.
 
 
 5
 Huston first claims the district court committed error in Johnmeyer by ruling there was no breach of the settlement agreement. We do not reach his claim. This court does not have jurisdiction over a civil case unless a notice of appeal is filed in compliance with Fed.R.App.P. 3 and 4(a), and Huston failed to file a notice of appeal in Johnmeyer. Huston asserts, however, that because Mitchell and Johnmeyer were consolidated, his appeal in Mitchell permits this court to review Johnmeyer as well. We reject this assertion because the district court's consolidation of Huston's cases did not completely merge the cases into a single action. See Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir.1984). Huston's two cases retained separate identities and thus required separate notices of appeal. Id.
 
 
 6
 Huston also asserts he intended to appeal both cases when he filed a single notice of appeal. We may construe Huston's single notice of appeal to encompass both consolidated cases if "[Huston's] 'intent [to appeal both cases] is apparent and there is no prejudice to the adverse part[ies].' " McAninch v. Traders Nat'l Bank, 779 F.2d 466, 467 n. 2 (8th Cir.1985) (quoting Simpson v. Norwesco, Inc., 583 F.2d 1007, 1009 n. 2 (8th Cir.1978)), cert. denied, 476 U.S. 1182, 106 S.Ct. 2917, 91 L.Ed.2d 545 (1986). It is clear from the record, however, that Huston abandoned his claims in Johnmeyer. In his motion for relief from judgment in Mitchell, Huston "pray[ed] this District Court ... grant this cause separation from cause number N86-0039C Huston v. Johnmeyer, and ... allow this above styled cause to go forward on its own merits." In addition, Huston specifically captioned his notice of appeal "Danny BayLis Huston, Appellant vs. Cranston J. Mitchell, and et. al., Appellees. File No: N88-0040 C." We are thus convinced Huston intended to appeal only Mitchell.
 
 
 7
 Huston next asserts he was confused by the consolidation of the cases and should now be permitted to appeal Johnmeyer, together with Mitchell. Although the court may liberally construe the notice of appeal filed by a pro se litigant, see Gates v. Central States Teamsters Pension Fund, 788 F.2d 1341, 1342 (8th Cir.1986), our review of the record persuades us that Huston knew his cases were consolidated and he was able to distinguish the two separate causes of action. Huston consistently filed his pro se motions in both lawsuits using the correct titles and docket numbers. After consolidation, Huston used both docket numbers to caption his pro se motions with the notable exception of his Mitchell notice of appeal. Though Huston had ample opportunity to discuss the consolidation of his cases with the attorney appointed to represent him in Johnmeyer, Huston never mentioned to his attorney that he had another lawsuit pending. Because Huston failed to file a notice of appeal in Johnmeyer, we have no jurisdiction over the case on appeal.
 
 
 8
 Huston also claims the district court committed error in dismissing Mitchell. We disagree. Huston's contentions about his presumptive parole dates were embraced within the terms of the settlement agreement. Huston was not eligible for parole until he completed the sexual offenders program. Because Huston received the relief he requested before the parole board, as evidenced by the settlement agreement, his claims for relief are moot. Flittie v. Erickson, 724 F.2d 80, 81 (8th Cir.1983). The district court correctly dismissed Huston's claims in Mitchell. We affirm.
 
 
 
 *
 The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation