966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonel C. FAJARDO, Defendant-Appellant.
 No. 91-1725.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1992.
 
 Before KENNEDY, DAVID A. NELSON and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant appeals his convictions and sentence for conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, aiding and abetting, and failure to appear on bond. This Court does not have jurisdiction to consider the defendant's appeal of his conviction for bond-jumping. We AFFIRM his conviction on the narcotic charges.
 
 
 2
 The defendant is a Spanish-speaking Cuban native. He and another man, Sergio Gonzales, were arrested in July 1989 following the sale of cocaine to a confidential informant. The charges were dropped in August 1989. In November 1989, a grand jury indicted the defendant on two drug charges related to the July sale. He was arrested again on January 16, 1990 and appeared before a magistrate. Defendant was unable to read or understand English sufficiently to be arraigned. No interpreter was available. The magistrate released the defendant on bond telling him that he should return to court the next day. Defendant signed a bond form but no one was able to explain to him what he was signing since no one present spoke Spanish. Defendant was not represented by counsel at this hearing although an attorney from the Federal Defender's Office was present in the courtroom. No translator was provided for the defendant.
 
 
 3
 The defendant failed to return to court the next day. The defendant remained at the same address where he had been living at the time of his January 16, 1990 arrest. No attempt was made to pick up the defendant. Three months later he was arrested during a visit to Chicago. The government indicted him for failing to appear on his bond.
 
 
 4
 The government moved to consolidate the bond-jumping and narcotics charges. The defense opposed the motion arguing that the defendant would not be able to testify on his own behalf on the narcotics charge if the actions were consolidated. The court granted the government's motion to consolidate. A jury found the defendant guilty on two of the narcotics charges and on the bond charge. The defendant now appeals.
 
 
 5
 We find that the defendant has failed to properly appeal his conviction for non-appearance on his bond. Rules of Appellate Procedure 3(c) states that,
 
 
 6
 [t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from; and shall name the court to which the appeal is taken.
 
 
 7
 Defendant filed a single notice of appeal which states that the judgment in Eastern District of Michigan, Case No. 89-80520-02 is appealed. The number coincides with the indictment and judgment filed as to the narcotics charge. The bond-jumping judgment, Eastern District of Michigan, Case Docket No. 90-80769, was neither mentioned on the notice of appeal filed nor the subject of a separate notice of appeal.
 
 
 8
 This Court has never considered the question of whether criminal cases consolidated at trial are considered consolidated for purposes of appeal. However, in Stacey v. Charles J. Rogers, Inc., 756 F.2d 440, 442 (6th Cir.1985), this Court held that in a civil case "consolidation of separate actions for purposes of trial [does] not merge the independent actions into one suit." Following that reasoning in this case, that each cause of action retains a separate identity, we hold that this Court is without jurisdiction to hear defendant's appeal of his bond-jumping conviction. Huston v. Mitchell, 908 F.2d 275, 277 (8th Cir.1990).
 
 
 9
 The defense next asserts that the improper nature of the bond-jumping charge and the consolidation of the bond-jumping and narcotics charges resulted in prejudice to the defendant as to the narcotics charges. The defense simply states that prejudice occurred and does not provide instances or the exact nature of the prejudice. Juries are considered capable of sorting facts and considering each count of an indictment or case separately. United States v. Frazier, 584 F.2d 790, 795 (6th Cir.1978). The District Court followed Sixth Circuit Pattern Criminal Jury Instructions and correctly instructed the jury on the relationship of the various charges. No prejudice exists in the record to rebut a finding that the jury properly considered the charges. Consolidation of indictments is within the discretion of the trial court. United States v. Haygood, 502 F.2d 166 (7th Cir.1974), cert. denied, 419 U.S. 1114 (1975); Moeller v. United States, 378 F.2d 14 (11th Cir.1967).
 
 
 10
 Finally, defendant argues ineffective assistance of counsel due to counsel's failure to pursue an alibi defense. An ineffective counsel claim may not be raised for the first time on appeal where no record has been made concerning the reasons for the counsel's actions. United States v. Gonzales, 929 F.2d 213 (6th Cir.1991). Defendant must resort to an action under 28 U.S.C. § 2255 based on ineffective assistance of counsel.
 
 
 11
 For the reasons stated above, we find that we do not have jurisdiction to review the charges raised by defendant's indictment on bond-jumping charges. We AFFIRM the jury's verdict on the narcotic charges.