991 F.2d 786
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Rafael Torres MARRERO, Defendant, Appellant.
 No. 92-2101.
 United States Court of Appeals,
First Circuit.
 March 29, 1993.
 
 Appeal from the United States District Court for the District of Puerto Rico
 Rafael Torres-Marrero on brief pro se.
 Daniel F. Lopez Romo, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, and Ivan Dominguez, Assistant United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 In 1985, in connection with his involvement in the Cerro Maravilla incident, defendant Rafael Torres-Marrero was convicted of four federal offenses: one count of conspiring to obstruct justice, give false testimony and suborn perjury, in violation of 18 U.S.C. § 371, and three substantive counts of perjury, in violation of 18 U.S.C. § 1623. He was sentenced to five years in prison on each count to be served consecutively, for a total of twenty years. In 1987, his convictions and sentence were affirmed on appeal. United States v. Moreno Morales, 815 F.2d 725 (1st Cir.), cert. denied, 484 U.S. 966 (1987). In July 1992, defendant filed a motion under former Fed. R. Crim. P. 35(a) to correct what he asserted was an illegal sentence. He there argued that the imposition of consecutive prison terms with respect to his three § 1623 convictions violated both the statute and the constitution. The district court denied the motion, and defendant now appeals. We affirm.
 
 
 2
 The three perjury convictions under § 1623 each involved false testimony that defendant gave to a federal grand jury on March 6, 1980. He first argues that, under the terms of the statute, the maximum permissible prison term for all false declarations given on the same day before the same grand jury was five years, regardless of the number of such declarations. We rejected a similar, if not identical, contention in the direct appeal. See Moreno Morales, 815 F.2d at 752 ("The sentences did not exceed the limits permitted under the relevant federal perjury statutes, 18 U.S.C. §§ 371, 1621-23.") Even if not procedurally barred, this argument is nonetheless meritless. The statute permits the imposition of a five-year prison term for "any false material declaration."[1] Defendant relies on § 1623(c)'s reference to "two or more declarations" as evidence that Congress intended to proscribe consecutive punishment in this context.[2] Yet that provision is irrelevant, as it pertains only to "irreconcilably contradictory declarations." As discussed below, the declarations giving rise to the three § 1623 convictions here were not of this nature. We see no statutory bar to the imposition of consecutive sentences.
 
 
 3
 Defendant also contends that the three § 1623 counts charged the same offense and were therefore multiplicitous, with the consequence that the imposition of consecutive sentences violated the double jeopardy clause. In two unpublished decisions, we have rejected similar arguments advanced by two of defendant's codefendants. See Moreno Morales v. United States, No. 92-1157, slip op. at 2-3 (1st Cir. 1992) (per curiam); Quiles-Hernandez v. United States, No. 90-1804, slip op. at 4-8 (1st Cir. 1991) (per curiam). As we there noted, claims of multiplicity constitute "objections based on defects in the indictment" which "must be raised prior to trial." Fed. R. Crim. P. 12(b)(2). As defendant failed to raise this contention at that time, it must be deemed waived. See, e.g., United States v. Rodriguez, 858 F.2d 809, 816-17 (1st Cir. 1988); United States v. Serino, 835 F.2d 924, 930-31 (1st Cir. 1987).
 
 
 4
 Defendant's arguments prove meritless in any event. As we explained in Quiles-Hernandez, "[t]he fact that [the] statements [were] uttered in the same proceeding is irrelevant." Slip op. at 6 (citing United States v. Molinares, 700 F.2d 647, 652-53 (11th Cir. 1983)). So long as separate false declarations "require different factual proof of falsity," they "may properly be charged in separate counts even though they are all related and arise out of the same transaction." United States v. Scott, 682 F.2d 695, 698 (8th Cir. 1982); accord, e.g., United States v. De La Torre, 634 F.2d 792, 795 (5th Cir. Unit A Jan. 1981). A comparison of the three § 1623 counts confirms that they satisfied this standard. Count 21 involved the factual issue of whether the two victims were physically assaulted by the police.[3] Count 22 involved defendant's awareness of a second volley of gunshots.[4] And count 23 involved the removal of the body of one of the victims.[5] Each of the defendant's false declarations plainly required different factual proof of falsity. Accordingly, they each comprised distinct violations of law and were properly charged as separate counts.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Section 1623(a) provides in pertinent part:
 Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 
 
 [2]
 Section 1623(c) reads in pertinent part:
 An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if--
 (1) each declaration was material to the point in question, and
 (2) each declaration was made within the
 period of the statute of limitations for the offense charged under this section.
 In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury.
 
 
 [3]
 The questions and answers involved in Count 21 were as follows (the perjured testimony is underlined):
 Q. With respect to the man who was taken to the hospital who had been shooting at the police, did you see anyone strike or hit that person at any time?
 A. No.
 Q. Referring to the one who was just wounded?
 A. No. Nobody was hit.
 
 
 [4]
 Count 22 involved the following testimony:
 Q. After the initial shooting did you hear any shots fired later?
 A. No, no fires-nothing was shot.
 
 
 [5]
 Count 23 involved the following exchanges:
 Q. You testified about two wounded persons being taken from the scene.
 A. Yes.
 Q. One was the Undercover Agent and the other was one of the persons who had been shooting at you.
 A. That's correct. [continued next page]
 Q. Which of the two was taken from the scene first?
 A. I would say the Undercover Agent because by the time that they removed the other person from the embankment, must have taken one minute, a few seconds. All I know that when the Undercover Agent was leaving, when the car was already leaving, they were putting the other injured man inside the car.
 Q. And how soon in fact did the second car with the other injured man leave after the vehicle with the Agent had left?
 A. Another vehicle was in the tower, arrived quickly. It must have taken about two or three minutes. Was a matter of minutes. As soon as the other vehicle arrived, I saw the man, I saw the corpse being removed and they took him away.