March 29, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2101

 UNITED STATES,

 Appellee,

 v.

 RAFAEL TORRES MARRERO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]
 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges.
 

 

 Rafael Torres-Marrero on brief pro se.
 
 Daniel F. Lopez Romo, United States Attorney, Jose A.
 
Quiles-Espinosa, Senior Litigation Counsel, and Ivan Dominguez,
 
Assistant United States Attorney, on brief for appellee.

 

 

 Per Curiam. In 1985, in connection with his involvement
 

in the Cerro Maravilla incident, defendant Rafael Torres-

Marrero was convicted of four federal offenses: one count of

conspiring to obstruct justice, give false testimony and

suborn perjury, in violation of 18 U.S.C. 371, and three

substantive counts of perjury, in violation of 18 U.S.C. 

1623. He was sentenced to five years in prison on each count

to be served consecutively, for a total of twenty years. In

1987, his convictions and sentence were affirmed on appeal.

United States v. Moreno Morales, 815 F.2d 725 (1st Cir.),
 

cert. denied, 484 U.S. 966 (1987). In July 1992, defendant
 

filed a motion under former Fed. R. Crim. P. 35(a) to correct

what he asserted was an illegal sentence. He there argued

that the imposition of consecutive prison terms with respect

to his three 1623 convictions violated both the statute and

the constitution. The district court denied the motion, and

defendant now appeals. We affirm.

 The three perjury convictions under 1623 each involved

false testimony that defendant gave to a federal grand jury

on March 6, 1980. He first argues that, under the terms of

the statute, the maximum permissible prison term for all

false declarations given on the same day before the same

grand jury was five years, regardless of the number of such

declarations. We rejected a similar, if not identical,

contention in the direct appeal. See Moreno Morales, 815
 

 -2-

F.2d at 752 ("The sentences did not exceed the limits

permitted under the relevant federal perjury statutes, 18

U.S.C. 371, 1621-23.") Even if not procedurally barred,

this argument is nonetheless meritless. The statute permits

the imposition of a five-year prison term for "any false

material declaration."1 Defendant relies on 1623(c)'s

reference to "two or more declarations" as evidence that

Congress intended to proscribe consecutive punishment in this

context.2 Yet that provision is irrelevant, as it pertains

 

1. Section 1623(a) provides in pertinent part:

 Whoever under oath ... in any proceeding
 before or ancillary to any court or grand jury of
 the United States knowingly makes any false
 material declaration ... shall be fined not more
 than $10,000 or imprisoned not more than five
 years, or both.

2. Section 1623(c) reads in pertinent part:

 An indictment or information for violation of
 this section alleging that, in any proceedings
 before or ancillary to any court or grand jury of
 the United States, the defendant under oath has
 knowingly made two or more declarations, which are
 inconsistent to the degree that one of them is
 necessarily false, need not specify which
 declaration is false if--
 (1) each declaration was material to the
 point in question, and
 (2) each declaration was made within the
 period of the statute of limitations for the
 offense charged under this section.
 In any prosecution under this section, the falsity
 of a declaration set forth in the indictment or
 information shall be established sufficient for
 conviction by proof that the defendant while under
 oath made irreconcilably contradictory declarations
 material to the point in question in any proceeding
 before or ancillary to any court or grand jury.

 -3-

only to "irreconcilably contradictory declarations." As

discussed below, the declarations giving rise to the three 

1623 convictions here were not of this nature. We see no

statutory bar to the imposition of consecutive sentences.

 Defendant also contends that the three 1623 counts

charged the same offense and were therefore multiplicitous,

with the consequence that the imposition of consecutive

sentences violated the double jeopardy clause. In two

unpublished decisions, we have rejected similar arguments

advanced by two of defendant's codefendants. See Moreno
 

Morales v. United States, No. 92-1157, slip op. at 2-3 (1st
 

Cir. 1992) (per curiam); Quiles-Hernandez v. United States,
 

No. 90-1804, slip op. at 4-8 (1st Cir. 1991) (per curiam).

As we there noted, claims of multiplicity constitute

"objections based on defects in the indictment" which "must

be raised prior to trial." Fed. R. Crim. P. 12(b)(2). As

defendant failed to raise this contention at that time, it

must be deemed waived. See, e.g., United States v.
 

Rodriguez, 858 F.2d 809, 816-17 (1st Cir. 1988); United
 

States v. Serino, 835 F.2d 924, 930-31 (1st Cir. 1987).
 

 Defendant's arguments prove meritless in any event. As

we explained in Quiles-Hernandez, "[t]he fact that [the]
 

statements [were] uttered in the same proceeding is

irrelevant." Slip op. at 6 (citing United States v.
 

Molinares, 700 F.2d 647, 652-53 (11th Cir. 1983)). So long
 

 -4-

as separate false declarations "require different factual

proof of falsity," they "may properly be charged in separate

counts even though they are all related and arise out of the

same transaction." United States v. Scott, 682 F.2d 695, 698
 

(8th Cir. 1982); accord, e.g., United States v. De La Torre,
 

634 F.2d 792, 795 (5th Cir. Unit A Jan. 1981). A comparison

of the three 1623 counts confirms that they satisfied this

standard. Count 21 involved the factual issue of whether the

two victims were physically assaulted by the police.3 Count

22 involved defendant's awareness of a second volley of

gunshots.4 And count 23 involved the removal of the body of

one of the victims.5 Each of the defendant's false

 

3. The questions and answers involved in Count 21 were as
follows (the perjured testimony is underlined):

 Q. With respect to the man who was taken to the
 hospital who had been shooting at the police, did
 you see anyone strike or hit that person at any
 time?
 A. No.
 
 Q. Referring to the one who was just wounded?
 A. No. Nobody was hit.
 

4. Count 22 involved the following testimony:

 Q. After the initial shooting did you hear any
 shots fired later?
 A. No, no fires--nothing was shot.
 

5. Count 23 involved the following exchanges:

 Q. You testified about two wounded persons being
 taken from the scene.
 A. Yes.
 Q. One was the Undercover Agent and the other was
 one of the persons who had been shooting at you.
 A. That's correct. [continued next page]

 -5-

declarations plainly required different factual proof of

falsity. Accordingly, they each comprised distinct

violations of law and were properly charged as separate

counts.

 Affirmed. 
 

 

 Q. Which of the two was taken from the scene
 first?
 A. I would say the Undercover Agent because by the
 time that they removed the other person from the
 embankment, must have taken one minute, a few
 seconds. All I know that when the Undercover Agent
 
 was leaving, when the car was already leaving, they
 
 were putting the other injured man inside the car.
 
 Q. And how soon in fact did the second car with
 the other injured man leave after the vehicle with
 the Agent had left?
 A. Another vehicle was in the tower, arrived
 
 quickly. It must have taken about two or three
 
 minutes. Was a matter of minutes. As soon as the
 
 other vehicle arrived, I saw the man, I saw the
 
 corpse being removed and they took him away.
 

 -6-