993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John Eric HUNT, Defendant-Appellant.
 No. 92-5110.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 8, 1993
Decided: June 1, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-91-126-N)
 George E. Talbot, Jr., Portsmouth, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Harvey L. Bryant, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Eric Hunt appeals his sentence after pleading guilty to drug and firearms charges in two different cases in the same federal district court. We affirm his sentence in the case which he appealed and express no opinion on the issue he raises in the other case which he did not appeal.
 
 
 2
 A federal grand jury indicted Hunt and three codefendants on various drug and firearms charges arising out of a conspiracy to traffic in guns, cocaine, and crack cocaine in New York and Virginia. In October 1991, in district court case number Cr. 91-166, Hunt pled guilty to a criminal information charging he conspired to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 846 (1988). Pursuant to a plea agreement, Hunt also pled guilty on that same day, in case number Cr. 91-126, to two counts of the indictment for making false statements to a federally-licensed firearms dealer, in violation of 18 U.S.C.A. §§ 922(a)(6), 924(a)(1)(A) (West Supp. 1992).
 
 
 3
 During the sentencing hearing, Hunt objected to the presentence investigation report's calculation that Hunt could be held responsible on the conspiracy conviction for 46.8 grams of crack cocaine under United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1991). The district court took testimony from the Defendant and a special agent of the Federal Bureau of Alcohol, Tobacco, and Firearms (ATF) before finding that Hunt could have reasonably foreseen being held accountable for 46.8 grams of crack cocaine-an amount attributable to the conspiracy after Hunt had joined it.
 
 
 4
 The district court sentenced Hunt to 123 months in prison on the drug conspiracy charge, with five years of supervised release, and to 60 months on each of the firearms charges, with three years of supervised release. The sentences on the firearms convictions run concurrently to each other and concurrently to the drug conspiracy conviction. After obtaining an extension of time to file his appeal, Hunt, through counsel, filed a timely notice of appeal.
 
 
 5
 A notice of appeal "shall designate the judgment, order or part thereof appealed from." Fed. R. App. P. 3(c). This Court has no jurisdiction to review other judgments and orders when they are not referred to in a notice of appeal that specifically mentions certain rulings. Foster v. Tandy Corp., 828 F.2d 1052, 1059 (4th Cir. 1987) (when notice of appeal addressed only j.n.o.v., review of directed verdict barred). This Court's jurisdiction cannot be modified to include a judgment not included "by any reasonable interpretation." Gunther v. E.I. DuPont De Nemours & Co., 255 F.2d 710, 717 (4th Cir. 1958).
 
 
 6
 Hunt's notice of appeal clearly reflects an intent to appeal only the firearms charges. The first sentence of the notice of appeal specifically states he is appealing the firearms charges under "Title 18 USC Sections 922(a)(6) and 924(a)(1)(A) and 2." The second sentence of the notice of appeal refers to both sentences, and the third states that his sentences are concurrent. In the final sentence of the notice of appeal, Hunt states that he is appealing pursuant to 18 U.S.C.A. § 3742(a)(2) (West Supp. 1992), which permits appeals involving an incorrect application of the sentencing guidelines. The district court case number on the notice of appeal is Cr. 91-126, which is the case involving the firearms violations.
 
 
 7
 Hunt's sole argument on appeal, though, refers to his sentence under his guilty plea to the drug conspiracy offense. He raises no issues related to the firearms counts. While Hunt challenges the district court's determination of his base offense level under the sentencing guidelines, he fails to include the presentence investigation report and a full transcript of the sentencing hearing, as required under 4th Cir. I.O.P. 30.1 for all criminal appeals in this circuit seeking review of the application of the sentencing guidelines.
 
 
 8
 We find that this Court lacks jurisdiction to consider the issue Hunt raises on appeal because Hunt never appealed from his conviction and sentence in case Cr. 91-166 and the language of Hunt's notice of appeal clearly points to an appeal only in Cr. 91-126. See Huston v. Mitchell, 908 F.2d 275, 277 (8th Cir. 1990).
 
 
 9
 However, this Court does have jurisdiction over Hunt's conviction and sentence in Cr. 91-126. Because Hunt raises no arguable issues related to these sentences, we affirm his convictions and sentences on the firearms violations.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED