53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Roy C. TURNER, Petitioner/Appellant,
v.
Robert FARLEY, et al., Respondents/Appellees.
 No. 93-3821.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided April 28, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Roy Turner, an Indiana prisoner, appeals from the district court's denial of his petitions for a writ of habeas corpus. 28 U.S.C. Sec. 2254. In 1987 Turner was convicted of burglary, theft and resisting law enforcement, and was sentenced to eight years of imprisonment for those crimes. He also received a habitual offender sentence of thirty years due to his 1965 and 1969 theft convictions and his 1972 manslaughter conviction. Turner had committed the 1965 theft while still minor, and had received a two-month sentence after a plea of guilty. In 1992 Turner filed a federal habeas corpus petition, No. 92-C-658, contending that his 1965 guilty plea was not entered into knowingly and voluntarily and was tainted by the ineffective assistance of counsel. Thereafter, Turner filed a second habeas corpus petition, No. 93-C-21, challenging the 1987 conviction and the habitual offender sentence for which he is currently incarcerated. The district court consolidated Turner's two petitions and denied relief in a single Memorandum and Order on June 28, 1993. Separate Rule 58 judgments were docketed on June 30, 193. Turner appeals.
 
 
 2
 As an initial matter, the state contends that we have no jurisdiction to review claims raised in Turner's second petition, No. 93-C-21, because Turner's notice of appeal listed only No. 92-C-658 in the caption and identified the judgment appealed from as "the final judgment entered in this action on June 30, 1993." In arguing that separate notices of appeal are required, the state relied on Huston v. Mitchell, 908 F.2d 275, 277 (8th Cir.1990), in which the court rejected plaintiff's claim that his notice of appeal listing only one of the two consolidated cases sufficiently appealed both actions. The court held that plaintiff should have filed separate notices of appeal to secure the court's jurisdiction over both actions because the consolidation "did not completely merge the cases into a single action." Id. Huston, however, involved the consolidation of two distinct civil rights actions; one concerned the inmate plaintiff's participation in a sexual offender program and the other challenged the denial of parole review. The two actions did not raise any similar legal challenges, nor was there a common nucleus of facts. Moreover, in refusing to construe plaintiff's single notice of appeal to encompass both consolidated cases, the court noted that the pro se plaintiff had manifested an intent to appeal only one of the two cases; in his motion for relief from judgment in the case named Houston v. Mitchell, the plaintiff specifically asked the district court to "grant this cause separation from cause ... Houston v. Johnmeyer, and allow this above styled cause to go forward on its own merits." Id.
 
 
 3
 Turner's consolidated cases, however, pose an entirely different situation from Houston because they challenge the legality of the same confinement, Turner's 1987 habitual offender sentence. Despite his attempt to do so in his first petition, No. 92-C-658, Turner cannot directly attack the validity of his 1965 conviction because Sec. 2254 authorizes challenges only to "custody" that violates the Constitution or laws of the United States and Turner is no longer "in custody" for his 1965 sentence. This is true even though the expired 1965 conviction may have been used to enhance Turner's 1987 sentence. See Maleng v. Cook, 490 U.S. 488 (1989); Fawcett v. Bablitch, 962 F.2d 617 (7th Cir.1992). Because Turner is no longer in custody under the 1965 theft sentence, the validity of this conviction is significant only to the extent that it had been used to enhance his 1987 sentence, the use of which is specifically challenged by Turner in his second petition, No. 93-C-21, regarding his habitual offender sentence. The district court, therefore, correctly found that Turner was challenging the same sentence in both cases, and properly consolidated the two habeas corpus cases "for all purposes."[1] In fact, had the two petitions retained separate identities, it may have constituted an abuse of the writ. See Higgason v. Clark, 984 F.2d 203, 204 (7th Cir.) ("channeling all arguments into a single collateral attack is the principal role of the doctrine treating successive petitions as abuses of the writs."), cert. denied, 113 S.Ct. 2974 (1993). Since the two actions have been merged into one single action and have ceased to have separate existences save the formalities of the docket sheets, see Ivanov-McPhee v. Washington Nat. Ins. Co., 719 F.2d 927, 929-30 (7th Cir.1983), we conclude that only one notice of appeal needs to be filed, as Turner has done. We therefore have jurisdiction to review the claims raised in petition No. 93-C-21 and argued in Turner's pro se appellate brief. See Eckstein v. Balcor Film Investors, 8 F.3d 1121, 1124-25 (7th Cir.1993). Cf. Sandwiches, Inc. v. Wendy's International, Inc., 822 F.2d 707, 710 (7th Cir.1987) (if cases have been consolidated for all purposes, then no one may appeal unless district court makes the express findings required by Fed.R.Civ.P. 54(b) and directs entry of judgment).
 
 
 4
 Turner argues that the district court abused its discretion when it granted the state eight motions for enlargement of time to respond to Turner's habeas corpus petition. We disagree. Rule 4 of the Rules Concerning Sec. 2254 Petitions leaves it to the district court to fix the deadline for respondent's answer. See Bleitner v. Welborn, 15 F.3d 652, 654 (7th Cir.1994). The district court can grant a motion to extend a deadline even if the motion was untimely, provided that excusable neglect was shown. Fed.R.Civ.P. 6(b)(2). The state's motions for enlargement of time were supported by good cause including delays in obtaining the state court records and the need to review the records of Turner's state trials. Turner's filing of a second petition caused further delays; the state needed to review the new claims raised in the second petition and were prompted to file a motion to consolidate. Moreover, although the state did not file its response to the consolidated petitions until May 1993, approximately six months after the initial deadline for response to Turner's first petition, Turner did not show that he was prejudiced in any way other than his complaint that the delay caused the two petitions to be consolidated. There was no error.
 
 
 5
 Turner next argues that his 1965 conviction should not have been used to enhance his 1987 sentence because his plea of guilty in 1965 was not entered into knowingly and voluntarily and because it was tainted by counsel's ineffectiveness. A federal court may entertain a state prisoner's challenge to the constitutionality of a past conviction used to enhance a new sentence if the prisoner has not been afforded by the state a full and fair opportunity to collaterally challenge that past conviction. Smith v. Farley, 25 F.3d 1363 (7th Cir.1994) ("if a defendant does not have access to a fair procedure in a state court affording him a review, on the merits, of the constitutionality of a prior conviction after it has been incorporated into a new, enhanced sentence, a federal court may properly grant him such review."); see also Tredway v. Farley, 35 F.3d 288 (7th Cir.1994), cert. denied, 115 S.Ct. 941 (1995). Cf. United States v. Custis, 114 S.Ct. 1732 (1994) (in federal sentencing proceedings, there is no constitutional right to collaterally attack prior state convictions used for sentence enhancement except for convictions obtained in violation of a plaintiff's right to counsel); United States v. Mitchell, 18 F.3d 1355 (7th Cir.1993) (holding that a federal defendant cannot attack a prior state conviction at a federal sentencing hearing unless he can demonstrate that the prior conviction is presumptively void), cert. denied, 115 S.Ct. 1355 (1994). Because state courts are as competent as federal courts to provide a post-enhancement review, "especially in matters such as reviewing the constitutionality of a guilty plea," we have said that only if such state procedures are wholly absent, or are found to be constitutionally deficient, should a federal court independently inquire into the merits of matters such as the constitutionality of prior convictions used to enhance a present sentence. Smith, 25 F.3d at 1369-70.
 
 
 6
 Turner was afforded a full and fair opportunity to attack the 1965 conviction by the state court. After the 1965 conviction was presumably used as an enhancement in 1987, Turner filed a state petition for post-conviction relief, raising the same constitutional claims as he does now. The Indiana trial court denied Turner's petition after conducting an evidentiary hearing on Turner's constitutional claims. The denial was ultimately affirmed by the Indiana Supreme Court. Turner v. State, 580 N.E.2d 665 (Ind.1991). Because Turner has fully utilized the state procedures for post-conviction review, and because nothing suggests, nor does Turner allege, that the procedures were constitutionally inadequate, we will not review the merits of Turner's constitutional challenges to the 1965 conviction.
 
 
 7
 Finally, Turner challenges his 1987 conviction and habitual offender sentence, alleging the ineffective assistance of trial counsel and the ineffective assistance of his appellate counsel in failing to raise the trial counsel's ineffectiveness. To succeed on a Sec. 2254 petition, a petitioner must have exhausted his state remedies and avoided any procedural defaults. Jones v. Washington, 15 F.3d 671, 674 (7th Cir.), cert. denied, 114 S.Ct. 2753 (1994). Because the appellate counsel did raise the ineffective assistance of trial counsel claim on direct appeal and the issue may not be raised in state postconviction proceedings, see Combs v. State, 537 N.E.2d 1201 (Ind.1989), Turner has exhausted his state remedies.
 
 
 8
 Turner has procedurally defaulted his claims. A petitioner procedurally defaults on a claim by failing to present it to the highest court of the state unless the petitioner can show cause for the failure and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72 (1977); Mason v. Gramley, 9 F.3d 1345, 1347-48 (7th Cir.1993); Nutall v. Greer, 764 F.2d 462, 465 (7th Cir.1985). Turner asserts error of his appellate counsel as the cause of his failure to seek transfer. An attorney's error that results in a procedural default can satisfy the "cause" requirement if it amounts to an ineffective assistance of counsel under the standard established in Strickland v. Washington, 466 U.S. 668 (1984). However, there is no right to competent counsel in a discretionary appeal such as Turner's appeal to the state supreme court. See Buelow v. Dickey, 847 F.2d 420, 426 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989). The constitutional right to counsel is guaranteed to a defendant both for trial and for the first appeal as of right, and no further. Id.; see also Pennsylvania v. Finley, 107 S.Ct. 1990, 1993 (1987). Because Turner had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his appellate counsel's failure to file for transfer for review to the state supreme court. Buelow, 847 F.2d at 426 (appellate counsel's failure to seek discretionary review by the state supreme court of petitioner's conviction cannot constitute "cause" for the procedural default). Thus, Turner cannot establish "cause" for the procedural default.
 
 
 9
 Although a petitioner who fails to show cause and prejudice may nevertheless be granted relief if the failure to consider the claim will result in a fundamental miscarriage of justice, Murray, 477 U.S. at 496, nothing indicates that Turner is actually innocent of the crimes he was convicted of in 1987. He also cannot demonstrate that he is actually innocent of being an habitual offender because he had at least two valid felony convictions, aside from the 1965 conviction, that can serve as predicate offenses under the Indiana habitual offender statute.[2] See Mills v. Jordan, 979 F.2d 1273, 1279-80 (7th Cir.1992). Consequently, Turner cannot establish that a fundamental miscarriage of justice occurred when the district court refused to review the merits of his constitutional challenges to the 1987 conviction and sentence. We therefore AFFIRM the denial of Turner's habeas corpus petitions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Because the two petitions should have been brought as a single case, and there was no purpose in the cases retaining separate identities, we reject Turner's argument that the district court abused its discretion in granting the state's motion to consolidate. See Fed.R.Civ.P. 42(a)
 
 
 [2]
 Although the 1965 conviction may have been factored into the state court's calculation in imposing the thirty year sentence, Turner does not challenge the length of his sentence but only contends that the finding of his habitual offender status is not warranted