79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lea NABKEY, Plaintiff-Appellant,
v.
61ST DISTRICT COURT; Legal Aid Society of Western Michigan;
Patrick McCauley, Acting Judge; Mary Cloud; Stuart
Hoffius; George Cook; Robert Benson; City of Grand
Rapids; Mark Gleason; Robert Atkinson; Ted Quist; Yost,
Capt.; Ben Rosa; Carl Feyen; Julie Ann Woods; Patricia
Jackson; Donald Johnston; Carol Irons; George Bolhouse;
Joanne Stearns; Peter Douse, Defendants-Appellees.
 No. 93-2393.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and WISEMAN, District Judge.*
 
 
 2
 Lea Nabkey appeals pro se from a district court order that held her in civil contempt after the dismissal of her civil rights case filed under 42 U.S.C. § 1983. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The district court dismissed most of the defendants in the underlying civil rights case before trial, and a directed verdict was entered for the remaining defendant. Nabkey's appeal of this judgment was voluntarily dismissed on her motion. Therefore, the merits of Nabkey's civil rights case are not at issue in this appeal.
 
 
 4
 On July 12, 1993, the district court held Nabkey in civil contempt after finding that she had violated its directives to refrain from contacting the jurors and to return the jury questionnaires to the court. On July 29, 1993, Nabkey filed a mandamus petition objecting to the sanctions that were imposed in the contempt order. This petition was denied, but our court also directed the district court to construe the petition as Nabkey's notice of appeal from the contempt order. Thus, Nabkey filed a timely appeal from that order on July 29, 1993.
 
 
 5
 Nabkey has requested that her appeal be removed to another circuit because she is dissatisfied with this court's past rulings and its response to her requests for information. These are not sufficient grounds for disqualification or removal. See United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990). She also moves for counsel and for reconsideration of orders denying her motions for pauper status and transcripts at government expense. This motion lacks merit because Nabkey has not presented an arguable legal claim for appellate review. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Nabkey now argues that her civil rights case was wrongly decided. However, Nabkey's notice of appeal references only the district court's contempt order, and our court's order to construe Nabkey's mandamus petition as a notice of appeal plainly states that the appeal would be from that order. Hence, Fed.R.App.P. 3(c) limits appellate jurisdiction in this case to a review of the contempt order. See Huston v. Mitchell, 908 F.2d 275, 277-78 (8th Cir.1990).
 
 
 7
 With regard to the contempt order, Nabkey now states, inter alia, that she was unable to cross-examine the juror she had contacted, that the jury questionnaires were returned and that the district court judge was biased. However, Nabkey also expressly states that she is not appealing the contempt order. She has, therefore, abandoned any objections that she might have had to the contempt order by specifically declining to raise that issue on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 8
 Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation