**Jerald H. MILLER, Plaintiff-Appellant,**

v.

**The UNITED STATES POSTAL SERVICE, et al., Defendants-Appellees.**

No. 83–1519.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 16, 1984.

---

Jerald H. Miller, pro se.

Wayne Hughes, Asst. U.S. Atty., Fort Worth, Tex., for defendants-appellees.

Before RUBIN, JOLLY, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This is the second of two suits by Jerald H. Miller, a former Postal Service employee, arising from the termination of his employment. The first alleged discriminatory discharge under provisions of the federal and state constitutions and under Title VII of the Civil Rights Act of 1964. This action was later filed, based on 5 U.S.C. § 8151 and 5 C.F.R. § 353[1]. In this suit, Miller alleges, *inter alia*, that he was removed from his employment for "constitutionally

---

**1.** The statute, 5 U.S.C. § 8151, provides that a civil service employee who resumes employment with the government shall be credited for the time during which he was receiving disability compensation. An employee who has been absent for less than one year has the right to resume "his former or an equivalent position."

If an employee has been absent longer than one year, the agency is required only to "make all reasonable efforts" to restore him to his former or an equivalent position. The C.F.R. provision, 5 C.F.R. § 353, sets forth the administrative rules that implement the statute.

impermissible reasons and for reasons which were non-job-related and which were arbitrary and capricious, in violation of his rights to substantive due process."

The Postal Service moved to dismiss this action on the ground that Miller's cause of action was identical to that stated in the prior case. The district court granted the motion on July 12, 1983, dismissing this case on grounds of frivolity and ordering that Miller pay court costs. On July 26, Miller filed a notice of appeal from the order of dismissal. We docketed his appeal three days later.[2] On August 11, however, the district court directed that the dismissal should be with instructions to Miller to file a "Motion for Leave to File an Amended (or Supplemental) Complaint" in his prior suit, setting forth his new legal theories for relief in that cause, and relieving Miller from paying costs in this case. The district court explained that it had only recently discovered that Miller had filed a reply to the Postal Service's motion to dismiss, which, through a clerical error, had not been sent to the court.

■ Rule 60(a), Fed.R.Civ.P., permits a district court to correct an order after an appeal is docketed only with leave of the appellate court. No such leave was sought in this case. Accordingly, we vacate the August 11 order, which the district court lacked jurisdiction to enter.[3] That order, however, granted Miller all the relief to which he is entitled, and we achieve the same result by reversing the original order of dismissal and remanding this case for consolidation with Miller's prior case.

The Postal Service contends that this restoration suit is untimely because Miller failed to file a petition for judicial review within thirty days of the date he received notice of the Merit Systems Protection Board's decision, the term prescribed by 5 U.S.C. § 7703(b)(1). The Board's adverse decision was issued November 9, 1979, and Miller admits that he received notice of it shortly after it was issued. The Postal Service argument is without merit, however, because 5 U.S.C. § 7703(b)(1) does not apply to administrative proceedings pending on or before January 11, 1979, the effective date of the Civil Service Reform Act. *See* 5 U.S.C. § 1101 (1982), 5 C.F.R. § 1201.191(b) (1982). Section 1201.191 further provides that an agency proceeding begins when an employee receives notice of the proposed action. Miller received notice of his removal from the Postal Service in August 1977, alleging as its basis "failure to meet the attendance requirements of your position" and "absent without approved leave." Following an adverse decision by an arbitrator, he initiated his request for restoration on April 5, 1978. After appealing unsuccessfully to the Federal Employee Appeals Authority, he requested review of the FEAA decision by the Merit Systems Protection Board (then known as the Appeals Review Board). The MSPB upheld the FEAA decision on November 9, 1979, after the effective date of the Act.

■ In *Kyle v. I.C.C.*, 609 F.2d 540 (D.C.Cir.1979) the District of Columbia Circuit held that the law in existence prior to the Act governs judicial review even though the case may have been finally decided by the MSPB after the effective date of the Act. We find its reasoning persuasive. Miller's claim is subject to the statute of limitations applicable when the adverse action was taken and is timely.[4]

---

**2.** *Miller v. United States Postal Service*, No. 83–1519 (5th Cir., docketed July 29, 1983).

**3.** *See Gryar v. Odeco Drilling, Inc.*, 674 F.2d 373 (5th Cir.1982). Had the August 11 order merely instructed Miller to amend his Title VII complaint, it might have been properly before us. In that event, it would have affected only his Title VII case and therefore might not have constituted a "correction" of the prior order in his § 8151 case. Because, however, the August 11 order amended the court's prior directive

that Miller pay court costs in his § 8151 case, it falls within Rule 60(a), and we must address the question of the district court's jurisdiction to enter it.

**4.** The Postal Service also raises the possibility that Miller's appeal from the MSPB is res judicata because he has already taken an appeal to the Court of Claims from a claim he filed with the Board on December 12, 1979. As noted in the Court of Claims opinion, the appeal arose from Miller's second request for restoration, under

While the standard of review in Miller's restoration case is different from the standard of review in his prior case,[5] both suits arise out of the same set of facts. Each complaint details in identical words the history of Miller's employment with the Postal Service, his physical disabilities, eventual removal, and unsuccessful appeal to arbitration. The recitations diverge only when Miller lays the foundation for his appeal of the MSPB decision in his restoration suit, and his appeal of the Equal Employment Opportunity Commission's decision in his Title VII suit. The named defendants differ only to the extent that the MSPB and two of its officers are included in the restoration suit. Miller's charges of liability vary only when he includes allegations of sex discrimination in his Title VII claim. He seeks compensatory and punitive damages in the Title VII suit; otherwise he seeks the same relief in both cases: reinstatement, declaratory relief, back pay, and job bid rights.

■ The district court erred in dismissing Miller's restoration suit on the ground that his earlier suit arose from the same set of facts. "The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure."[6]

■ Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *See In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir.1977) (quoting *Gentry v. Smith*, 487 F.2d 571,

581 (5th Cir.1973)). A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte. See Gentry*, 487 F.2d at 581. Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment. *See Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1012 (5th Cir.1969); *Empire Aluminum Corp. v. S.S. Korendijk*, 391 F.Supp. 402, 410 (S.D.Ga.1973).

The Postal Service has moved to dismiss all allegations of Miller's Title VII complaint except those made pursuant to 42 U.S.C. § 2000e–16. Miller apparently believes that this motion will render his restoration claim subject to dismissal if it is consolidated with his earlier suit. In its brief filed in this appeal, however, the Postal Service has disavowed any intention of seeking the dismissal of Miller's § 8151 claim on the basis of 42 U.S.C. § 2000e–16. Moreover, the preemptive effect of 42 U.S.C. § 2000e–16 is limited to claims of employment discrimination. *See Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Miller also opposes consolidation on the grounds that the MSPB defendants in his restoration suit "cannot be named as defendants in the Title VII suit." Since the two cases retain their separate identities, however, Miller will not be deprived of any rights he may have against the restoration suit defendants. Miller is not entitled to

§ 8151, made just after the MSPB denied his first request on November 9, 1979. *Miller v. United States Postal Service*, Appeal No. 18–80 (Ct.Cl. July 16, 1982). His first request for restoration is the subject of this appeal. The Court of Claims dismissed Miller's claim for lack of subject matter jurisdiction, because he did not assert a claim for monetary relief. Accordingly, the Court of Claims decision was not on the merits and is not res judicata.

5. The standard of review for claims brought under 5 U.S.C. § 8151 is whether the challenged agency action is arbitrary and capricious, obtained in violation of procedures required by

law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

6. *Thomas v. Deason*, 317 F.Supp. 1098, 1099 (W.D.Ky.1970) (citing 2B Barron & Holtzoff (Wright ed.) §§ 941, 942). Rule 42(a) provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

maintain a separate Title VII suit under *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). *Alexander* merely held that an employee who submits his discrimination claim to arbitration may receive a trial *de novo* under Title VII. Thus consolidation of the cases will not adversely affect either Miller's or the government's rights in either case.

In the interests of equity and judicial economy, the judgment is VACATED and the cause REMANDED with instructions to the district court to consolidate the two cases for trial. As we indicated at the outset, although in form we reverse the district court, we adhere to the sensible precept of its supplemental order.

While this appeal might have been averted had Miller followed the course suggested by the district court, the Postal Service's position creates doubt that it would have acquiesced and suggests that it might have urged the failure to appeal as making this case res judicata. Costs are, therefore, taxed to the Postal Service.