Dr. Joe and Dawn MORRISON, Kelly Robbins, Randy and Janet Councill, Dan and Helen Higgins, Ron and Karen Green, Victor and Cathy Brook, Dr. Marion and Jean McMurtrey, Dan and Helen Higgins, Dr. T.M. and Cynthia Hughes, Richmond Eagle Corp., Dave and Rose Roberts, Dr. Richard and Linda Werner, Tony and Mary Ann Cutaia, Warren and Donna Bird, Tom and Kye Yeaman, and Wade and Debbie McKay, Plaintiffs,

v.

AMWAY CORPORATION, Rich Devos, Jay Vanandel, Dick Devos, Steve Van Andel, Doug Devos, Bob Kerkstra, JA-RI Corporation, Dexter Yager, Individually and d/b/a Yager Enterprises and Internet Services Corporation, Jeff Yager, Donald R. Wilson, Individually and d/b/a Wow International and Wilson Enterprises, Inc., Randy and Valorie Haugen, Individually and d/b/a Freedom Associates, Inc., Freedom Tools, Inc. and All Star Production Company, John Sims, Individually and d/b/a Sims Enterprises, Randy and Susan Walker, Individually and d/b/a Walker, International, Mark and Martha Hughes, Bill and Alyssa Bergfeld, Individually and d/b/a as Bergfeld International, Inc., Jody Victor, Individually and d/b/a Jevi Corporation, Mark Cordner, Billy Zeoli, Individually and d/b/a Gospel Films, and Dennis James, Defendants.

Amway Corporation, JA-RI Corporation, Bob Kerkstra, Amway Distributors Association, Dexter Yager, Sr., D & B Yager Enterprises, Inc., Jeffrey S. Yager, Internet Services Corporation, Inc., Donald R. Wilson, Wilson Enterprises, Inc., Wow International, Inc., Randy Haugen, Valorie Haugen, Freedom Tools, Inc., Freedom Associates, Inc., John W. Sims, Sims Enterprises, Inc., Sims Inc., Plaintiffs,

v.

Cecelia Musgrove, Jeffrey G. Musgrove, Defendants.

JA-RI Corporation, Bob Kerkstra, Amway Distributors Association, Dexter Yager, Sr., D & B Yager Enterprises, Inc., Jeffrey S. Yager, Internet Services Corporation, Inc., Donald R. Wilson, Wilson Enterprises, Wow International, Inc., Randy Haugen, Valorie Haugen, Freedom Tools, Inc., Freedom Associates, Inc., John W. Sims, Sims Enterprises, Inc., Sims Inc., Amway Corporation, Plaintiffs,

v.

Mark D. Pruitt and Deanna F. Pruitt, Defendants.

CIV.A. Nos. H-98-0352, H-98-1695. Adversary No. H-98-3291.

United States District Court, S.D. Texas, Houston Division.

Oct. 7, 1998.

Kevin G. Corcoran, Brock Cordt Akers, Phillips & Akers, Houston, TX, for plaintiffs.

Edward B. McDonough, Jr., Mark S. Dube, McDonough & Associates, Houston, TX, William J. Abraham, Rick J. Abraham, Abraham Law Offices, Columbus, OH, for plaintiffs.

Thomas W. Taylor, Andrews and Kurth, Houston, TX, Sharon D. Grider, Amway Corporation, Legal Counsel, Ada, MI, John C. Peirce, P. Todd Mullins, Howrey & Simon, Washington, DC, Robert L. DeJong, Miller Canfield Paddock & Stone, Grand Rapids, MI, James L. Gascoyne, Collins & Gascoyne, Houston, TX, Frank W. Mitchell, Maloney Martin & Mitchell, Houston, TX, for defendants.

## MEMORANDUM OPINION AND ORDER OF CONSOLIDATION

HARMON, District Judge.

Pending before the Court is Defendants' Motion to Consolidate. (Instrument # 51.) Upon reviewing the record, the memorandum in support, (Instrument # 52), the responses (Instruments # 57–59), and the applicable law, the Court concludes that the motion to consolidate should be **GRANTED**.

### I. Background

Three separate lawsuits have been filed in this district relating to alleged interference with various Amway distributorships and the business support thereof. The Plaintiffs in these lawsuits have also been sued in a state court action. The Plaintiffs have joined the Defendants in the three federal actions in the state court action. *Inter alia,* at issue in all four lawsuits is whether the disagreement among the parties must be arbitrated.

### II. Discussion

Rule 42(a) of the Federal Rules of Civil Procedure provides:

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED.R.CIV.P. 42(a). Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *Miller v. United States Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir.1984). The Court has broad discretion to decide whether consolidation is desirable under Rule 42(a) and may even consolidate cases *sua sponte. Frazier v.*

*Garrison I.S.D.,* 980 F.2d 1514, 1531 (5th Cir.1993); *Gentry v. Smith,* 487 F.2d 571, 581 (5th Cir.1973). Actions involving the same parties are likely candidates for consolidation, but a common question of law or fact is sufficient. 7 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE § 2384 at 263–64. Thus, the proper solution to the problems created by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court is to consolidate them under Rule 42(a). *Miller,* 729 F.2d at 1036.

 The Plaintiffs primarily object to the consolidation on the ground that a dismissal would be the most expeditious course of action. The Plaintiffs contend that the whole matter could be addressed in the state court action where everyone is a party. As the Defendants point out, a dismissal will not solve whether the matter should be arbitrated or not, and the matter is fully briefed in this Court. To permit a dismissal at this juncture would be most inefficient.

There are presently three actions before this Court involving primarily the same parties and primarily the same issues. Furthermore, the issue of whether the various suits must be arbitrated under the same arbitration agreement ties them together and is dispositive of the cases. This matter need only be addressed once.

The Court finds that resolution of the Adversary Proceeding requires consideration of non-Title 11 laws and that withdrawal of the reference is mandated by 28 U.S.C. § 157(d).[1] The Plaintiffs' two other actions now pending before this Court, Docket Numbers 98–1695 and Adversary No. 98–3291, are consolidated for all purposes under Docket Number 98–352.

Accordingly, the Court **ORDERS** that

A. Defendants' motion to consolidate is **GRANTED**;

B. Pursuant to 28 U.S.C. § 157(d), the reference of Plaintiff's adversary proceedings to the bankruptcy court is **WITHDRAWN** and Adversary No. 98–3291 is consolidated for all purposes under Docket Number 98–352;

C. Docket Number 98–1695 is consolidated for all purposes under Docket Number 98–352.

---

**1.** (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.