13-1165-cv
*Fried v. LVI Services, Inc..*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of February, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BURTON T. FRIED,

    *Plaintiff-Appellant,*

    -v.-                                             No. 13-1165-cv

LVI SERVICES, INC., LVI PARENT CORP., SCOTT E. STATE,

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR PLAINTIFF-APPELLANT:**        DOUGLAS H. WIGDOR (Tanvir H. Rahman, *on the brief*), Thompson Wigdor LLP, New York, NY.


**FOR DEFENDANTS-APPELLEES:**       JOANNE SELTZER (Jillian L. Hunt, *on the brief*), Jackson Lewis LLP, New York, NY.

1

Appeal from a judgment, entered March 20, 2013, of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Burton Fried appeals from the judgment of the District Court granting summary judgment in favor of defendants LVI Services, Inc., LVI Parent Corp. (jointly, "LVI"), and Scott E. State. Fried's suit alleged that LVI unlawfully discriminated against him because of his age and retaliated against him, in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a–60(a)(1). *See Dembin v. LVI Servs., Inc.*, 932 F. Supp. 2d 314 (D. Conn. 2013) (the "Connecticut case").[1] Fried previously brought suit against these same parties in the Southern District of New York, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 631 *et seq.* ("ADEA"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). *See Fried v. LVI Servs., Inc.*, No. 10 Civ. 9308 (JSR), 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011), *aff'd*, 500 F. App'x 39 (2d Cir. 2012) (the "New York case").

The sole issue in this appeal is whether the District Court erred in holding that Fried's suit was barred by the doctrine of *res judicata* where his ADEA age discrimination and retaliation claims, based on identical facts and brought against the same parties, had already been dismissed on the merits in the New York case.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

On December 13, 2010, Fried filed a complaint against these defendants in the New York case, alleging, *inter alia*, age discrimination and retaliation in violation of the NYCHRL. On February 3, 2011, he amended that complaint to include causes of action for discrimination and retaliation under the ADEA.

On May 16, 2011, while discovery in the New York case was ongoing, Fried filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). It is undisputed that CFEPA claims must initially go through the CHRO, and may not be sued upon until the CHRO grants a release of jurisdiction. *See* Conn. Gen. Stat. § 46a–82; *Sullivan v. Bd. of Police Comm'rs of City of Waterbury*, 196 Conn. 208, 215–17 (1985).

---

[1] Shari Dembin, Fried's daughter, was originally a party to this action, but the parties stipulated to the dismissal of her claims.

Defendants moved for summary judgment in the New York case on June 10, 2011. On September 9, 2011, the District Court in the New York case granted partial summary judgment in favor of the defendants via text order, and on October 4, 2011, issued an opinion outlining its reasoning. The ADEA claims were dismissed on the merits, and the NYCHRL claims were dismissed on jurisdictional grounds. However, one portion of the ADEA claim for retaliation remained, based on LVI's termination of Fried's daughter. A trial on this claim was scheduled for December 2011.

On October 17, 2011, the CHRO granted Fried's request for a release of jurisdiction on his CFEPA claims.

Two days later, on October 19, 2011, the parties stipulated to the dismissal with prejudice of the one remaining claim in the New York case, and Fried thereafter appealed.

On November 30, 2011, Plaintiff filed the Connecticut case.

## DISCUSSION

We review *de novo* a district court's application of *res judicata*, accepting all factual findings of the district court unless clearly erroneous. *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368-69 (2d Cir. 1997).

We apply federal common law in determining the preclusive effect of a judgment in a federal-question case, like the New York case here. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012).

As we have recently reaffirmed, "[u]nder the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action to support or to defend against the alleged cause of action." *Proctor*, 715 F.3d at 411 (internal quotation marks omitted). That is, once there has been a final judgment on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996) (alteration in original) (quoting *Nevada v. United States*, 463 U.S. 110, 129–30 (1983)).

We have enumerated four requirements for *res judicata* to apply. The earlier decision must have been "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221–22 (2d Cir. 2012) (quoting *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011)). Thus, in order to determine the scope of *res judicata*, we must assess whether the same "cause of action" is sued upon. *First Jersey Sec.*, 101 F.3d at 1463–64 ("A

3

first judgment will generally have preclusive effect only where the transaction or connected series of transactions at issue in both suits is the same, that is where the same evidence is needed to support both claims, and where the facts essential to the second were present in the first." (internal quotation marks and alternations omitted)); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329 (1955) ("[A] prior judgment is res judicata only as to suits involving the same cause of action."). This inquiry focuses on whether the two claims arise from the same "nucleus of operative fact"—that is, "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (internal quotation marks omitted).

Here, the New York case was a final judgment on the merits by a court of competent jurisdiction and involved the same parties as this case. However, Fried argues that because he did not have an adequate opportunity to fully and fairly litigate his CFEPA claims in the New York case, we should not apply *res judicata* to bar the Connecticut case.

As an initial matter, Fried erroneously conflates the concept of a "full and fair opportunity to litigate" with "actually litigated." He contends that "there has yet to be a full adjudication on the merits of [his] CFEPA claims—a requisite which must be met in order for the doctrine of res judicata to apply." Appellant's Reply Br. 5–6. But that is not required for *res judicata* under federal law.

Rather, the inquiry, as described above, is whether the CFEPA claims are properly considered part of the same "cause of action" as his claims in the New York case. Consequently, whether Fried *actually raised* his CFEPA claims in the New York case does not matter. Instead, we must inquire whether the issues *could have been raised* in the New York case. *See Proctor*, 715 F.3d at 411–12. "[A] prior judgment cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case. Likewise, res judicata does not bar subsequent litigation when the court in the prior action could not have awarded the relief requested in the new action." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002) (internal quotation marks and citations omitted). That the CFEPA claims may rely upon a different legal theory or seek an alternative form of relief does not affect the analysis. *See Taylor*, 553 U.S. at 892 ("Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." (internal quotation marks omitted)).

Here, it is clear that Fried could not sue on his CFEPA claims until October 17, 2011, because jurisdiction had not been released from the CHRO. On that date, although only one claim remained, the New York case was still pending. Since *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 37–41 (2d Cir. 1992), we have consistently held that *res judicata* applies to claims pending review in administrative proceedings, and we see no reason to alter that conclusion here.

4

The reason for this is clear:  Because the background facts of the New York case and this case are identical, it would have been vastly preferable for Fried simply to seek to amend the complaint in the New York case.  Instead, he chose to voluntarily dismiss the remaining claim in that case in order to pursue an appeal, and also to file the Connecticut case.

Alternatively, Fried should have requested a stay of the New York case at the time he filed his CHRO claims (before defendants had even moved for summary judgment).  That would have allowed the court in the New York case to consider the ADEA, NYCHRL, and CFEPA claims all at the same time.  *See Woods*, 972 F.2d at 41 ("We are of the firm opinion that a district court faced with a stay request in this type of situation—where a Title VII plaintiff is seeking to defer further proceedings in non-Title VII causes of action while pursuing Title VII administrative remedies— should grant the stay absent a compelling reason to the contrary.")

Fried seeks to escape this result by drawing our attention to *Devlin v. Transportation Communications International Union*, 175 F.3d 121 (2d Cir. 1999).  In that case, plaintiffs' two cases (the first asserting state law and ERISA claims, and the second asserting ADEA claims on the same facts) were simultaneously pending before the same district court judge.  *Id.* at 129–30.  After Devlin's second case was dismissed on *res judicata* grounds, we vacated and remanded for the district court to consider consolidating the two cases under Fed. R. Civ. P. 42(a).  We relied heavily on the fact that "both *Devlin* cases were on the court's active calendar such that we [could] conclude the district court could well have considered consolidating them."  *Id.* at 130; *see also Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure." (internal quotation marks omitted)).

No such solution was possible here:  Fried's two cases were not simultaneously pending before the same judge, or, indeed, even in the same district court.  In any event, it was Fried's responsibility—not that of the defendants or the District Court in the New York case—to take the appropriate action to preserve his CFEPA claims, either by amending or staying that action.  Fried instead made the tactical decision to initiate a separate lawsuit.  Accordingly, the requirements for *res judicata* have been met, and Fried's claims here are barred.

## CONCLUSION

We have reviewed the record and the parties' remaining arguments on appeal. For the reasons set out above, we conclude that the CFEPA claims asserted in this case could have been raised in the prior action in the Southern District of New York, and therefore we **AFFIRM** the judgment of the District Court entered March 20, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court