**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

————

No. 14-31383

————

WARREN LESTER; ALFREDA MARSHALL; DAVID QUINN; DEMETRIA
STERLING; DAWN HUMPHRIES; ET AL.,

Plaintiffs–Appellants,

v.

EXXON MOBIL CORPORATION; CHEVRON USA, INCORPORATED;
JOSEPH GREFER; CAMILLE GREFER; ROSEMARIE GREFER HAASE;
HENRY GREFER; OFS, INCORPORATED; INTRACOASTAL TUBULAR
SERVICES, INCORPORATED; RATHBORNE PROPERTIES, L.L.C.;
RATHBORNE LAND COMPANY, L.L.C.; RATHBORNE COMPANIES,
L.L.C.; ALPHA TECHNICAL SERVICES, INCORPORATED; SHELL OIL
COMPANY; SHELL OFFSHORE, INCORPORATED; BP AMERICA
PRODUCTION COMPANY, formerly known as Amoco Production Company;
VARCO, L.P.; TEXACO, INCORPORATED; UNION OIL COMPANY OF
CALIFORNIA; CONOCOPHILLIPS COMPANY; MARATHON OIL
COMPANY; FREEPORT MCMORAN, INCORPORATED; IMC GLOBAL,
INCORPORATED; EXCHANGE OIL & GAS COMPANY; KERR-MCGEE
OIL AND GAS CORPORATION; TORCH ENERGY SERVICES,
INCORPORATED; TORCH OPERATING COMPANY; FRENCH JORDAN,
INCORPORATED, doing business as Shield Coat, Incorporated; PLACID OIL
COMPANY; ROSEWOOD RESOURCES, INCORPORATED; DYNAMIC
EXPLORATIONS, INCORPORATED; CERTAIN UNDERWRITERS AT
LLOYDS LONDON; CERTAIN LONDON MARKET INSURANCE
COMPANIES; HYDRIL COMPANY, INCORPORATED; OILFIELD
TESTERS, INCORPORATED; KBR, INCORPORATED; MCDERMOTT,
INCORPORATED; BREDERO PRICE COMPANY,

Defendants–Appellees.

————

No. 14-31383

SHIRLEY BOTTLEY; JOVANE BENOIT; JUAJUAN BENOIT,

     Plaintiffs–Appellants,

v.

EXXON MOBIL CORPORATION; EXXON MOBIL OIL CORPORATION; HUMBLE OIL & REFINING COMPANY; HUMBLE OIL & REFINING CORPORATION; CHEVRON USA, INCORPORATED; BP CORPORATION NORTH AMERICA, INCORPORATED; DEVON ENERGY PRODUCTION COMPANY, L.P.; CONOCOPHILLIPS COMPANY; SHELL OIL COMPANY; MARATHON OIL COMPANY; OXY, INCORPORATED; VARCO, L.P.; INTRACOASTAL TUBULAR SERVICES, INCORPORATED; BP AMERICA PRODUCTION COMPANY,

     Defendants–Appellees.

---

Appeals from the United States District Court
for the Eastern District of Louisiana

---

Before OWEN, GRAVES, and HIGGINSON, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

ExxonMobil Oil Corporation removed the underlying suits as a "mass action" pursuant to the Class Action Fairness Act of 2005.[1] The consolidated interlocutory appeals of Warren Lester, et al. and Shirley Bottley, et al. (Plaintiffs) challenge the district court's order denying their respective motions to remand. We affirm.

## I

The Class Action Fairness Act (CAFA) "applies to any civil action commenced on or after" CAFA's effective date, February 18, 2005.[2] CAFA

---

[1] Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

[2] *Braud v. Transp. Serv. Co. of Ill.,* 445 F.3d 801, 803 (5th Cir. 2006) (quoting CAFA § 9, 119 Stat. at 14).

No. 14-31383

expands federal removal jurisdiction over certain class and mass actions that satisfy CAFA's jurisdictional requirements.[3]  This appeal raises two issues of first impression in this circuit: (1) whether a motion to consolidate and transfer related state court suits effectuates a "mass action" removable under CAFA; and (2) if so, whether CAFA may be invoked as a basis for removal when one of the underlying suits comprising the purported mass action commenced prior to CAFA's 2005 effective date.

The lawsuits originated in Louisiana civil district court.  In 2002, over 600 plaintiffs filed a petition in *Warren Lester, et al. v. Exxon Mobil Corporation, et al.* alleging personal injury and property damage claims arising from naturally occurring radioactive material (NORM).  The state court utilized a "flighting" system to segregate the *Lester* plaintiffs' claims into smaller trials or "flights."  Plaintiffs claim there is no preclusive effect between flights and thus far, no flight has involved more than twelve plaintiffs.

In 2013, Shirley Bottley, Jovane Benoit, and Juajuan Benoit filed a wrongful death and survival action—*Shirley Bottley et al. v. Exxon Mobil Corp., et al.*—seeking to recover for injuries to and the death of Cornelius Bottley. Prior to his death, Cornelius Bottley had been a plaintiff in *Lester*.  The *Lester* and *Bottley* plaintiffs are represented by the same counsel.

Shortly thereafter, the state court in *Lester* set for trial a flight of eight plaintiffs—the Louisiana Texas Oilfield Inspection Service Flight (LTOIS)— which included Cornelius Bottley's claim.  Apparently hoping to join the LTOIS flight for trial, the *Bottley* plaintiffs moved to transfer and consolidate their three-plaintiff suit with *Lester*.  ExxonMobil Oil Corporation (Mobil Oil)—a named defendant only in *Bottley*—promptly removed both suits.  Mobil Oil

---

[3] 28 U.S.C. § 1332(d).

claimed *Bottley* and *Lester* were removable as a newly commenced mass action under CAFA.[4]  At the time of removal, over 500 plaintiffs remained in *Lester*.

Both the *Bottley* and *Lester* plaintiffs moved for remand asserting a lack of subject matter jurisdiction.  They claimed that the *Bottley* plaintiffs' consolidation motion did not give rise to a mass action, and in any event, CAFA did not provide an opportunity for removal because the *Lester* action was commenced prior to CAFA's effective date.  The district court denied remand, ordered *Bottley* consolidated with *Lester*, and later denied Plaintiffs' Motion for Reconsideration.[5]  Recognizing that its decision "resolve[d] a significant jurisdictional question," the district court advised that "it might be wise for the parties to seek Fifth Circuit review at the beginning of the long and costly process of serial trials in this matter."  The *Bottley* and *Lester* plaintiffs then filed a petition for permission to appeal under 29 U.S.C. § 1292(b), and this court granted that petition.

We conclude that Mobil Oil was permitted to remove both *Bottley* and *Lester* to federal court as a mass action under CAFA.

## II

CAFA authorizes the removal of "mass actions," defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[6]  Excluded from that definition is any civil action in

---

[4] Exxon Mobil Corporation, a defendant named in both suits, is a separate and distinct entity from ExxonMobil Oil Corporation (Mobil Oil), the removing party.

[5] After we issued an order granting Plaintiffs' interlocutory appeal, Plaintiffs also sought permission to appeal the district court's order denying Plaintiffs' Motion for Reconsideration pursuant to 28 U.S.C. § 1453(c). *See* Motion for Permission to Appeal at 1-3, *Lester et al. v. Exxon Mobil Corp. et al.*, No. 15-90002 (5th Cir. Jan. 23, 2015), DCN No. 2. We denied that request. *See* Order Denying Motion for Leave to Appeal, *Lester et al. v. Exxon Mobil Corp. et al.*, No. 15-90002 (5th Cir. Mar. 11, 2015), DCN No. 34.

[6] 28 U.S.C. § 1332(d)(11)(B)(i).

which "the claims are joined upon motion of a defendant," or "the claims have been consolidated or coordinated solely for pretrial proceedings."[7]  CAFA's amount in controversy and minimal diversity requirements are not in dispute.[8] "We review a district court's denial of a motion to remand for lack of subject matter jurisdiction *de novo*,"[9] and the district court's construction of CAFA presents questions of law that we also review *de novo*.

Mobil Oil contends, and the district court concluded, that the mass action inquiry is focused on what plaintiffs *proposed*.  Mobil Oil argues that the *Bottley* plaintiffs' filing of a motion to consolidate effectuated a mass action under CAFA—*Bottley* plus *Lester* easily meets CAFA's 100-person numerosity requirement.  In their briefs, however, Plaintiffs argued that the *Bottley* motion did not propose a joint trial of 100 or more persons.  Their arguments essentially are comprised of three main contentions: (1) there is no mass action because, they assert, the motion for consolidation was not granted by the state trial court prior to removal, (2) the *Bottley* motion intended to propose a joint trial only with the LTOIS flight, and (3) *Lester*'s procedural history, involving small trial flights with no accompanying preclusive effect, indicates the absence of a joint trial involving 100 or more persons.

As a factual matter, the record is unclear regarding whether the state court signed a consolidation order.  That ambiguity is immaterial to the mass action inquiry, however, because the plain language of CAFA indicates that a mass action arises upon a *proposal* for joint trial.[10]  "[T]he language selected by Congress must be given effect."[11]

---

[7] *Id.* § 1332(d)(11)(B)(ii)(II), (IV).

[8] *Id.* § 1332(d)(2), (6).

[9] *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) (per curiam) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)).

[10] 28 U.S.C. § 1332(d)(11)(B)(i).

[11] *Quarles v. St. Clair*, 711 F.2d 691, 698 (5th Cir. 1983).

No. 14-31383

The *Bottley* plaintiffs moved to consolidate their case with the *Lester* case, not just the flight set for trial. The *Bottley* plaintiffs requested transfer to "effect a consolidation for purpose of trial pursuant to Article 1561 of the Louisiana Code of Civil Procedure." Article 1561, titled "Consolidation for Trial," provides:

> When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate . . . .[12]

The *Bottley* motion alleged that the cases involved "overlapping liabilities, damages, and questions of law and fact" and "[t]he determination of any of these issues in either case will have great bearing on the other and vice versa." It further stated that consolidation was sought in "an effort to seek judicial efficiency."

Additionally, as noted by the district court, Louisiana case law seems to have interpreted Article 1561, in accord with the article's plain language, to *only* permit consolidation for trial, as opposed to pretrial, purposes.[13] To the extent Lester claims the *Bottley* motion sought consolidation only with Cornelius Bottley's "lawsuit," or to be set for trial with the upcoming LTOIS flight, the argument is contrary to Louisiana law. In any event, the motion to consolidate that the *Bottley* plaintiffs filed did not seek to consolidate their claims with only the Bottley claim in *Lester*, and it would have been impossible to do so, since Bottley's claim in *Lester* was but one *claim* in a single, larger action. The proposal was to consolidate the *Bottley* suit with the *Lester* suit.

---

[12] LA. CODE CIV. PROC. art. 1561.

[13] *See Boh v. James Industrial Contractors, LLC*, 2003-1211, p. 11-12 (La. App. 4 Cir. 2/11/04), 868 So. 2d 180, 186, *writ denied sub nom. Boh v. James Indus. Contractors*, 2004-0456 (La. 3/5/04), 869 So. 2d 801.

6

No. 14-31383

Whether CAFA applies does not and cannot depend on how a state trial court actually manages various claims within a larger action. The focus of CAFA is the consolidation that is proposed.[14] Accordingly, CAFA's applicability cannot turn on the fact that the state trial court in *Lester* had, at least as of the time of removal, employed "flights" to try some of the individual claims in smaller clusters.

With regard to CAFA's provisions, decisions from our sister Circuit Courts are instructive. Based on facts similar to those in the present case, the Seventh Circuit held that the plaintiffs had proposed a joint trial. In *In re Abbott Laboratories, Inc.*,[15] plaintiffs from ten separate lawsuits, totaling 100-plus in the aggregate, moved for consolidation "through trial," "not solely for pretrial proceedings," and to "eliminate duplicative discovery and pretrial litigation, prevent inconsistent pretrial and trial rulings, and thereby promote judicial efficiency."[16]

In *Corber v. Xanodyne Pharmaceuticals, Inc.*,[17] the Ninth Circuit held that plaintiffs proposed a joint trial when they filed petitions to coordinate their actions.[18] Though the plaintiffs' petitions focused on pre-trial purposes, they also requested coordination "for all purposes" and cited concerns of inconsistent judgments and conflicting determinations of liability.[19]

The facts of this case differ from those in *Parson v. Johnson & Johnson*,[20] in which the Tenth Circuit determined that a joint trial was *not* proposed.[21]

---

[14] *See Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) ("It does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.").

[15] 698 F.3d 568 (7th Cir. 2012).

[16] *Id.* at 570-71 (internal quotation marks omitted).

[17] 771 F.3d 1218 (9th Cir. 2014).

[18] *Id.* at 1223.

[19] *Id.* at 1223-24 (internal quotation marks omitted).

[20] 749 F.3d 879 (10th Cir. 2014).

[21] *See id.* at 886-87.

No. 14-31383

That court rejected the contention that plaintiffs had proposed a joint trial by filing twelve separate suits, each involving fewer than 100 plaintiffs, in the same court before the same judge.[22] In each complaint, the plaintiffs explicitly disclaimed any intention to propose a joint trial.[23] The court further emphasized that no proposal "may be inferred . . . where [plaintiffs] made no request that the claims be consolidated or coordinated for trial in any way."[24]

The Plaintiffs contend that there is no *joint trial* proposal unless it is proposed that a court hear 100 or more plaintiffs' claims together, or hear an "exemplar" case followed by the application of claim or issue preclusion to other plaintiffs. Plaintiffs cite language from the Seventh Circuit's opinion in *Bullard v. Burlington Northern Santa Fe Railway Co.*[25] There, the court opined by way of example that a trial that involved only "10 exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly."[26] The court's example, however, was by no means exhaustive. In fact, the court also said that "[a] proposal to hold multiple trials in a single suit [with] say, 72 plaintiffs at a time . . . does not take the suit outside [28 U.S.C.] § 1332(d)(11)."[27] As the Seventh Circuit later explained in *Abbott*, "a joint trial can take different forms as long as the plaintiffs' claims are being determined jointly."[28]

In any event, the *Lester* claims were filed under one complaint involving common issues of law and fact, in one forum, by the same attorneys. The

---

[22] *Id.*

[23] *Id.* at 888 & n.3 ("The complaints state that '[j]oinder of Plaintiffs' claims is for the purpose of pretrial discovery and proceedings only and is not for trial.'").

[24] *Id.* at 888.

[25] 535 F.3d 759 (7th Cir. 2008).

[26] *Id.* at 762.

[27] *Id.*

[28] *In re Abbott Labs., Inc.*, 698 F.3d 568, 573 (7th Cir. 2012).

8

plaintiffs in *Bottley*, represented by the same counsel as the *Lester* plaintiffs, then sought consolidation with *Lester*, not with a limited number of claims that were part of *Lester*. In sum, the *Bottley* consolidation motion proposed a joint trial of 100 or more plaintiffs' claims, a mass action under CAFA. Plaintiffs contend that this conclusion creates a "dangerous precedent" by "allow[ing] non-parties to trigger removal while the actual parties-plaintiff in the case have done nothing."[29] We need not resolve whether a plaintiff represented by separate counsel can unilaterally trigger CAFA by filing an opposed motion to consolidate a standalone case with a preexisting suit, because here the same lawyers represented the plaintiffs in both *Lester* and *Bottley*.

### III

This court must also determine, however, whether CAFA applies to *Bottley* and *Lester* given that *Lester* commenced well prior to CAFA's effective date. Removal of *Lester*, the Plaintiffs contend, is impermissibly retroactive. They deduce that *Bottley* is also not removable because *Bottley* is only a "mass action" when paired with the number of claimants in *Lester*.

Section 9 of CAFA provides that "[t]he amendments made by this Act apply to any civil action commenced on or after the date of enactment of this Act," which was February 18, 2005.[30] "[CAFA] does not apply retroactively."[31] State law determines when a civil action "commences" for purposes of CAFA.[32] Under Louisiana law, "a suit is commenced by filing of a pleading presenting the demand to a court of competent jurisdiction."[33] The *Lester* action was filed on December 20, 2002; the *Bottley* action was filed on July 16, 2013.

---

[29] *Cf. Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1049 (9th Cir. 2015) (suggesting that "either" of two plaintiffs groups may unilaterally trigger CAFA).

[30] Pub. L. No. 109-2, 119 Stat. 4, 14 (2005).

[31] *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 273 (5th Cir. 2009).

[32] *Id.*; *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006).

[33] *Braud*, 445 F.3d at 803.

In its brief, Mobil Oil argued that the date on which a mass action came into existence is the relevant "commencement." At oral argument, Mobil Oil posited that because *Bottley* commenced post-CAFA, both *Lester* and *Bottley* are removable. Plaintiffs initially only argued that the district court erred in its reliance on a prior decision of this court, *Braud v. Transport Service Co. of Illinois.* But in their reply brief and at oral argument, they cited new authority, *Admiral Insurance Co. v. Abshire*,[34] for the proposition that though CAFA jurisdiction may exist over the *Lester-Bottley* mass action, removal can still be improper. After considering CAFA's text, we conclude that both *Lester* and *Bottley* were properly removed, though not for the reasons cited by the district court.[35]

The district court relied on *Braud.* In *Braud*, we held that a post-CAFA amendment to a pleading adding a new defendant to a pre-CAFA suit re-commences the suit as to the added defendant.[36] The district court in the present case opined that "an amendment adding Mobil Oil as a party would indeed be a 'commencement' sufficient to trigger the option of removability. A valid state court order consolidating *Lester* and *Bottley* would certainly grant Mobil Oil the right to remove as a 'new defendant' under *Braud.*" *Braud*, however, did not entirely answer the question presented. It is problematic to equate amending a complaint with consolidation in all cases. For example, in *Braud*, the amended pleading adding a new defendant rendered the added defendant liable to all class action plaintiffs. With consolidation, this would not necessarily be so. Indeed, Plaintiffs argue that under Louisiana law, consolidation would not make Mobil Oil "a defendant in both cases," as the

---

[34] 574 F.3d 267 (5th Cir. 2009).

[35] We wish to note that both parties advanced new theories and authorities on appeal that were not before the district court.

[36] *Braud*, 445 F.3d at 804-05.

district court posited. Rather, Louisiana law consistently holds that consolidation does not effect a "merger" of consolidated suits unless there is a clear intention to do so, and Mobil Oil does not claim that it is now a defendant as to each plaintiff in *Lester* and *Bottley*.[37]

In *Admiral Insurance*, which involved a class action, not a mass action,[38] we explained that while the term "civil action" in § 9 of CAFA may encompass a "class action," the terms are not synonymous.[39] "A 'civil action' may commence before it becomes a 'class action,' and Congress selected the commencement of the 'civil action' as the relevant event under CAFA's effective-date provision."[40] Similarly, as relevant here, a "civil action" or many "civil action[s]" may commence before they become a "mass action."[41]

It is of course true that *Lester alone* could not be removed. It does not follow, however, that a post-CAFA mass action encompassing civil actions commenced both before and after CAFA's commencement cannot be removed. Congress said CAFA applies to "*any* civil action commenced" after its effective date.[42] The *Bottley* suit is a civil action that was commenced after CAFA's effective date. It became a "mass action" when the Plaintiffs proposed that the claims be tried jointly with those in *Lester*. Under CAFA, "the term 'mass action' means any civil action . . . in which monetary relief claims of 100 or

---

[37] *See Davis v. Am. Home Prods. Corp.*, 95-1035 (La. 5/19/95), 654 So. 2d 681 (mem.) (Calogero, C.J., concurring in denial of writ); *Ricks v. Kentwood Oil Co.*, 2009-0677, p. 5 (La.App. 1 Cir. 2/23/10), 38 So. 3d 363, 366 (La. Ct. App.); *Johnson v. Shafor*, 2008-2145, p. 11 (La. App. 1 Cir. 7/29/09), 22 So. 3d 935, 941 (La. Ct. App.) *writ denied*, 2009-1921 (La. 11/20/09), 25 So. 3d 812; *Dendy v. City Nat. Bank*, 2006-2436, p. 6 (La. App. 1 Cir. 10/17/07), 977 So. 2d 8, 11 (La. Ct. App.).

[38] 574 F.3d at 270.

[39] *Id.* at 273-74.

[40] *Id.* at 274.

[41] *See Bullard v. Burlington N. Santa Fe Ry.*, 535 F.3d 759, 762 (7th Cir. 2008) ("[L]itigation counts as a class action if it is either filed as a representative suit or becomes a 'mass action' at any time. That could be long after filing. . . . The prospect of this situation is why § 1332(d)(11) allows the definition to be applied after the suits' filing date.").

[42] Pub. L. No. 109-2, 119 Stat. 4, 14 (2005) (emphasis added).

more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[43] The *Bottley* action comes within "any civil action" because it is a civil action commenced after the effective date of CAFA, and when it was proposed that *Bottley* be consolidated with *Lester*, *Bottley* became a mass action subject to CAFA's provisions, including the removal provisions.

Plaintiffs' argument commingles § 9 and CAFA's jurisdictional provisions. We made clear in *Admiral Insurance* that § 9 and CAFA's jurisdictional provisions ask different questions—"there are still suits for which jurisdiction exists but for which removal is improper."[44] But unlike in *Admiral Insurance*, where a class action existed for jurisdictional purposes but there was no commencement post-CAFA, both prongs are met here. All § 9 requires is that "*any* civil action" be commenced after CAFA's enactment.[45] *Bottley* is that civil action; it is the basis for CAFA's applicability.

This comports with our holding in *Braud* that "it is the [mass] 'action,' not claims against particular defendants, that is removable."[46] Though our statement there supported the conclusion that post-removal events do not oust CAFA jurisdiction, the Eleventh Circuit applied the principle in more analogous circumstances in *Lowery v. Alabama Power Co.*[47] There, a defendant added post-CAFA to a pre-CAFA suit brought by over 400 plaintiffs removed the entire suit as a mass action.[48] Because the plaintiffs did not

---

[43] 28 U.S.C. § 1332(d)(11)(B)(i).

[44] 574 F.3d at 279.

[45] 119 Stat. at 14 (emphasis added).

[46] *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 808 (5th Cir. 2006) (citing *Dinkel v. General Motors Corp.*, 400 F.Supp.2d 289, 294 (D. Me. 2005)).

[47] 483 F.3d 1184 (11th Cir. 2007).

[48] *Id.* at 1187-88.

dispute that CAFA was applicable to the newly added defendant,[49] the *Lowery* court only had occasion to consider whether the pre-CAFA defendants could "tag along" in removal.[50]  Answering in the affirmative and citing *Braud*, the court averred that CAFA's reference to "'actions,' as opposed to 'claims,' suggests that removal under CAFA is broadly inclusive."[51]

The Eleventh Circuit further noted that permitting removal over the suit as a whole, inclusive of the pre-CAFA claims, was consistent with congressional intent.[52]  The Eleventh Circuit explained:

> First, as to the statutory purpose, Congress expressly intended CAFA to expand federal diversity jurisdiction over class actions. To read the plain language of the removal provisions narrowly, such that removal would only be available as to claims against the particular removing defendants, would frustrate congressional intent that CAFA be used to provide for more uniform federal disposition of class actions affecting interstate commerce. As a result of such a reading, certain defendants in a lawsuit could unilaterally elect to have the claims against them heard in a federal court while other defendants would be excluded from that forum, notwithstanding that all the claims against both sets of defendants arose from the same group of plaintiffs on common issues of law and fact. Such a result would run counter to the express purposes of CAFA.[53]

We agree.  As stated in *Lowery*, "the removal of the claims against all the defendants either stands or falls as a whole."[54]  Because the *Bottley* claims are component parts of a mass action removable under CAFA and the *Bottley* suit

---

[49] *Id.* at 1195-97 & n.28 ("[P]laintiffs . . . have not argued that CAFA is wholly inapplicable to the entire case. In other words, plaintiffs do not dispute that CAFA applies to Alabama Power, which was added as a defendant after CAFA's effective date.").  In a footnote, the Eleventh Circuit nevertheless cited our opinion in *Braud* for the proposition that a defendant added post-CAFA *via amendment* may re-commence the suit as to that defendant. *Id.* at 1195 n.28.

[50] *Id.* at 1196.

[51] *Id.* at 1196-97.

[52] *Id.* at 1197.

[53] *Id.* (internal citations omitted).

[54] *Id.*

No. 14-31383

was commenced after CAFA's enactment date, Mobil Oil was permitted to remove the mass action as a whole.

Furthermore, it is immaterial to the removal inquiry that Mobil Oil was not a defendant in *Lester*. CAFA's removal provision, 28 U.S.C. § 1453, permits removal of a class action, defined to include mass actions.[55] Mobil Oil *is* a defendant to the *Bottley-Lester* mass action. We reject Plaintiffs' assertion that Mobil Oil lacked standing to remove *Lester*.

The quandary in which Plaintiffs find themselves in is of their own making. Plaintiffs were well aware that amending the *Lester* complaint to add the *Bottley* claims asserted against Mobil Oil could trigger CAFA based on the reasoning of *Braud*. In fact, the *Lester* plaintiffs sought leave to file a petition adding seven new defendants, including Mobil Oil, in 2006.[56] The *Lester* action was promptly removed by one of the potential new defendants but ultimately remanded because the amendment had not yet been filed.[57] Now, Plaintiffs seek to do by means of consolidation what *Braud* prohibits. But their theory would permit groupings of 99 plaintiffs to seek out sufficiently similar pre-CAFA suits, move for consolidation, and evade CAFA. Construing CAFA to permit this procedural gamesmanship is at odds with CAFA's intent to curb abuses of the judicial system.[58]

## IV

As previously stated, the district court consolidated *Lester* and *Bottley* when it denied Plaintiffs' motion to remand. A district court is permitted to order consolidation pursuant to Federal Rule of Civil Procedure 42(a) *sua sponte*.[59] Rule 42(a) is "the proper solution to the problems created by the

---

[55] 28 U.S.C. § 1453(a)-(b).

[56] *Lester v. Exxon Mobil Corp.*, 2007 WL 1029507, at *1 (E.D. La. Mar. 29, 2007).

[57] *Id.* at *2.

[58] *See* CAFA, Pub. L. No. 105-2, § 2, 119 Stat. 4, 5 (2005).

[59] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

No. 14-31383

existence of two or more cases involving the same parties and issues, simultaneously pending in the same court."[60]

Plaintiffs did not dispute the correctness of the district court's consolidation order. Plaintiffs claim they moved for state court consolidation for the very reasons animating Rule 42(a), and the district court did not err in consolidating the cases after removal.

*     *     *

The order of the district court is AFFIRMED.

---

[60] *Id.* (quoting *Thomas v. Deason*, 317 F. Supp. 1098, 1099 (W.D. Ky. 1970)).

No. 14-31383

JAMES E. GRAVES, JR., Circuit Judge, dissenting:

In my view, CAFA's non-retroactivity language prohibits counting the *Lester* plaintiffs toward the 100-person threshold that Defendants must satisfy in order to justify removal under CAFA's "mass action" provision. I would therefore reverse the district court's order and remand both *Lester* and *Bottley* to Louisiana state court.

CAFA expanded federal diversity and removal jurisdiction to include certain "mass actions," which it defines as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i); *see also Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952–53 (9th Cir. 2009). "CAFA, however, is not retroactive." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571 (2005). Section 9 of CAFA expressly provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act," namely, February 18, 2005. Pub. L. No. 109-2, 119 Stat. 4, 14; *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 803 (5th Cir. 2006).

Reading these provisions together, it is clear that each of the "100 or more persons" needed to satisfy CAFA's "mass action" numerosity requirement must be named as a plaintiff in a civil action commenced on or after February 18, 2005. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 742–44 (2014) (holding that "the '100 or more persons' referred to in the statute are . . . the very 'plaintiffs' referred to later in the sentence" and that the word "plaintiffs" means "the actual named parties who bring an action"). Counting persons named as plaintiffs in an action commenced *before* CAFA's enactment toward the 100-person threshold involves "applying" CAFA to that action; doing so would thus directly contravene § 9, which unambiguously states that CAFA's provisions do not "apply" to such actions. *See Apply*, Black's Law

Dictionary (10th ed. 2014) (defining "apply" as "[t]o put to use with a particular subject matter," such as in the phrase "apply the law to the facts"); *Apply*, Merriam-Webster Dictionary (online ed.), *available at* https://www.merriam-webster.com/dictionary/apply (defining "apply" as "to put into operation or effect," as in "*apply* a law").

The *Lester* plaintiffs commenced their action on December 20, 2002. CAFA therefore does not "apply" to *Lester*, and the *Lester* plaintiffs cannot be considered in determining whether Defendants have satisfied CAFA's 100-person numerosity requirement. The *Bottley* plaintiffs filed their suit on July 16, 2013, so CAFA "applies" to that action; however, there are only three plaintiffs in *Bottley*. Consequently, even if the *Bottley* plaintiffs' motion to consolidate constituted a "joint trial proposal"—a question the court need not reach here—that proposal did not encompass "monetary relief claims of *100 or more persons*" and thus did not create a "mass action" removable under CAFA.

According to the majority, when the *Bottley* plaintiffs moved to consolidate their suit with *Lester*, "*Bottley* became a mass action subject to CAFA's provisions, including the removal provisions." The only way *Bottley* could have become a "mass action," however, is by counting the *Lester* plaintiffs, which § 9 prohibits. The majority dismisses the notion "that a post-CAFA mass action encompassing civil actions commenced both before and after CAFA's [enactment] cannot be removed." But this statement assumes that a civil action commenced before CAFA's enactment and another commenced after CAFA's enactment can be combined to form a "mass action" in the first place; as explained above, they cannot. This point highlights the fundamentally circular nature of the majority's reasoning: it begins by assuming that CAFA's "mass action" provision applies to civil actions that § 9 expressly says CAFA does *not* apply to, and then concludes that CAFA permits the removal of any resulting "mass action," even if removing one or more of the

component civil actions on their own would run afoul of § 9's non-retroactivity language.

The Supreme Court has set forth a method for analyzing retroactivity provisions that is both straightforward and avoids question-begging analysis: "When a case implicates a federal statute enacted after the events in suit, the court's *first task* is to determine whether Congress has expressly prescribed the statute's proper reach." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) (emphasis added). Where Congress has done so, the court must simply follow the statute's plain language. *Id.*; *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 838 (1990); *see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (internal quotation marks omitted) (quoting *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989))). Here, § 9 plainly excludes *Lester* from CAFA's reach. The court should heed that directive.

Neither *Braud* nor *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), supports a contrary result. *Braud* held that the addition of a new defendant to a civil action filed before CAFA's enactment "commenced" a *new* civil action as to that defendant. 445 F.3d at 804 (explaining that the issue presented in *Braud* was "not whether CAFA should apply to suits 'commenced' before February 18, 2005, but whether the addition of a new defendant 'commences' a new suit"); *see also Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 273 (5th Cir. 2009). Here, the *Bottley* plaintiffs' motion to consolidate did not seek to add any defendants to *Lester* or to *Bottley*. Accordingly, there is no merit to the majority's claim that the plaintiffs in this case sought "to do by means of consolidation what *Braud* prohibits."

Like *Braud*, *Lowery* involved the post-CAFA addition of a new defendant to a single action commenced prior to CAFA's enactment. 483 F.3d at 1187–88. Although the court ultimately remanded on other grounds, it concluded that the addition of the new defendant permitted removal of the entire "action," not just the claims against the new defendant. *Id.* at 1195–97. Nothing in *Lowery* suggests that a motion to consolidate an action filed after CAFA's enactment with a separate action filed prior to CAFA's enactment permits removal of the latter.

The majority refers to "CAFA's intent to curb abuses of the judicial system," but that is far too tenuous a basis for removal. CAFA is not a free-floating warrant authorizing federal courts to exercise jurisdiction over perceived instances of "procedural gamesmanship." There must be a basis in the statutory text itself to conclude that CAFA permits a federal court to exercise removal jurisdiction over a given case. In this case, § 9 negates such a conclusion. *See Tanoh*, 561 F.3d at 952–54 ("[W]e cannot sensibly entertain the notion that Congress intended to allow courts to override the considered legislative limitations on the 'mass action' concept."). This is certainly not one of those "'rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Ron Pair Enters.*, 489 U.S. at 242 (brackets removed) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). Indeed, to the extent "procedural gamesmanship" has occurred in this case, Defendants are arguably more culpable: they have exploited the *Bottley* plaintiffs' motion to consolidate in order to haul the *Lester* and *Bottley* plaintiffs into federal court—despite CAFA's plain text and the absence of any supporting caselaw. As a result, *Lester*, which was filed long before CAFA's enactment and was on the eve of trial when it was removed, remains unresolved more than fifteen years after it

was commenced. *Cf.* 119 Stat. at 5 (condemning "abuses" that "undermine[] public respect for our judicial system").

*    *    *

Allowing these actions to be removed to federal court contravenes the plain meaning of CAFA's non-retroactivity provision. I therefore respectfully dissent.